## Case No. 10,733.

### PARKER v. FERGUSON.

[1 Blatchf. 407;[1] 1 Fish. Pat. Rep. 260; 1 Liv. Law Mag. 95.]

Circuit Court, N. D. New York. June Term, 1849.

#### PATENTS—NOVELTY.

Where a water wheel was constructed for a person who lived twelve miles distant from the place of construction, and was taken away by him to be put into a mill, and was never seen afterwards by the witness who testified to and assisted in its construction, the wheel having been a perfect wheel, and constructed before the plaintiff's, and identical with it: *held*, that the evidence was sufficient, if believed, to establish the want of novelty in the plaintiff's wheel, although there was no evidence that the prior wheel was ever actually used.

[Cited in Wollensak v. Reiher, 22 Fed. 651; Kappes v. Hartung, 23 Fed. 188.]

This was an action [by Zebulon Parker against Jonathan Ferguson] for the infringement of letters patent granted to Zebulon Parker and Austin Parker, October 19th, 1829, for "an improvement in the application of hydraulic power," and extended by the patent office for seven years from October 19th, 1843.

William H. Seward, Joshua A. Spencer, and Samuel Blatchford, for plaintiff.

Samuel Stevens, Charles M. Keller, and Henry B. Stanton, for defendant.

---

[5] Rudy v. Wolf. 16 Serg. & R. 79. It is not clear from the report of this case, whether the bond was not overdue when it was assigned.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

On the trial before NELSON, Circuit Justice, the defendant set up the defence of a want of novelty in the invention, and to support it introduced a witness, Hosea W. Holmes, who swore that in 1819, in Stonington, Connecticut, he assisted in constructing a water wheel embracing the principle of the patentee's invention; that it was constructed for a man who lived twelve miles distant from Stonington, and was carried away by him to be put into a mill; and that the witness never saw it afterwards.

In charging the jury, NELSON, Circuit Justice, remarked, that if the wheel spoken of by the witness, Holmes, was constructed before the plaintiff's wheel, and was a perfect wheel, and was taken away to be used, the evidence, if believed, was sufficient to establish the fact of a want of novelty in the plaintiff's wheel, although there was no evidence that the prior wheel was ever actually used.

The jury found a verdict for the defendant.

[For other cases involving this patent, see note to Parker v. Hatfield, Case No. 10,736.]