## STITT, Trustee, *v.* EASTERN R. Co.

*(Circuit Court, D. Massachusetts. December 18, 1884.)*

1. PATENTS FOR INVENTIONS—NOVELTY.
   Where it is shown that a prior invention was the same as that described in a patent, that it was complete, and capable of producing the same result, and was known in this country, the defense of want of novelty will be sustained.
2. SAME—PERCHES FOR DUMPING CARS—PATENT No. 147,863.
   Patent No. 147,863, granted to George Richards, February 24, 1874, for an improvement in perches for dumping cars, is void for want of novelty.

At Law.

*C. M. Reed,* for complainant.

*A. McCallum,* for defendant.

COLT, J.   This is an action at law to recover damages for alleged infringement of letters patent No. 147,863, granted to George Richards, February 24, 1874, for "improvement in perches for dumping cars."   The only question before the court is whether the patent is void for want of novelty under the following circumstances contained in the agreed statement of facts:

"That in the year 1868 one William Parker, then a resident of Aspinwall, in the republic of Columbia, and superintendent of the Panama Railroad Company, sent from Aspinwall to the Portland Company, a corporation doing business as manufacturers of cars and locomotives at Portland, in the state of Maine, an order for forty dump cars, to be made for said railroad company in accordance with the description contained in a drawing sent with said order, a copy of which, marked 'Exhibit A,' is filed herewith, and which shows the same invention described and claimed in said letters patent No. 147,863.

"That, in compliance with said order, working drawings were made at said Portland Company's works, of which copies, marked 'Exhibits B and C,' are filed herewith, and that forty cars were built, having iron perches, made substantially as shown in said drawings, (Exhibits B and C,) and embodying in their construction the same invention described and claimed in said letters patent No. 147,863.

"That all the separate parts of each of said cars were completely finished; that all the parts of the first car made were put together with temporary fastenings, in the shop of said company, for the purpose of ascertaining that parts fitted; and that of the remaining cars the iron-work only was set up for the same purpose; .that the several parts of all said cars, after such fitting, were taken apart.   The perches were complete structures, ready for use when fitted to the cars; but after being fitted were separated from the trucks for the purpose of shipment, and that in this condition they were sent by steamer to New York, and thence to Aspinwall.   One set of wheels only was used in setting up all said cars.   None of said cars were attached to a locomotive or to other cars, or otherwise used in any manner in the United States, except as aforesaid.

"That the drawings above mentioned, of which Exhibits A, B, and C are copies, have ever since been, and now are, at the shop of said Portland Company, in said Portland."

By section 4886 of the Revised Statutes, to entitle a person to a patent, the invention must be one "not known or used by others in this country."   The plaintiff contends that, upon a proper construction of the patent law as a whole, both prior knowledge and use must be proved to negative novelty.   We think this statement of the rule somewhat too broad.   The prior invention relied upon as a defense must be complete, and capable of producing the result to be accomplished.   It must not be inchoate, or rest in speculation or experiment.   *Coffin* v. *Ogden,* 18 Wall. 120.   The evidence is sufficient to support the defense of prior knowledge and use, if it proves the invention was complete and capable of working; if it had been put to use, and was known to any considerable number of persons.   *Judson*

v. *Bradford*, 16 O. G. 174. If the construction of the prior thing of itself demonstrates that it is within the principle of the patent, then, perhaps, no use need be established, for it might be said to prove itself. *Sayles* v. *Chicago & N. W. R. Co.* 4 Fisher, 584. It is not necessary that the prior invention should have been actually used for the purpose contemplated, but it must have been capable of such use. *Pitts* v. *Wemple*, 2 Fisher, 10.

In *Parker* v. *Ferguson*, 1 Blatchf. 407, Mr. Justice NELSON charged the jury, in substance, that if they believed the prior device was constructed the same as that described in the patent, and was taken away to be used, the evidence was sufficient to establish the fact of a want of novelty, although there was no proof of actual use.

The primary inquiry is one of identity between two things. If the identity can only be known by actual use, such use should be proved. If the identity is apparent on inspection, it is not necessary to prove actual use. If there is a reasonable doubt as to identity, want of novelty is not made out. Walk. Pat. § 72. By the weight of authority and of reason, it would seem that if the prior invention was the same as that described in the patent; if it was complete, and capable of producing the same result, and was known in this country,—it is sufficient to sustain the defense of want of novelty. In the present case it is admitted that dump cars embodying the same invention were constructed some years before the date of the patent. It appears that 40 such cars were ordered to be built at car-works in this country by a foreign railroad company, and shipped to that company presumably for use. In our opinion the admitted facts prove that the prior invention was the same as that described in the patent; that it was complete, and capable of the same practical use, and that, therefore, the defense of want of novelty is made out. Judgment for defendant.