## VULCAN CORPORATION v. SLIPPER CITY WOOD HEEL CO.

### No. 7076.

Circuit Court of Appeals, Sixth Circuit.
March 8, 1937.

, Dean S. Edmonds, of New York City, Allen & Allen, of Cincinnati, Ohio, and Pennie, Davis, Marvin & Edmonds and Leslie B. Young, all of New York City, for appellant.

Hector M. Holmes, of Boston, Mass. (Bennett R. Knight, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a decree adjudging claims 9 to 14, inclusive, of Kinney patent No. 1,790,925, issued February 3, 1931, valid and infringed. The patent relates to a grooving machine for forming the breast grooves in Cuban wood heels for women's shoes.[1]

The technical terms used in the industry are adequately defined in United Shoe Machinery Corp. v. Day Wood Heel Co., 46 F.(2d) 897 (C.C.A.6). It is sufficient to state that the object of the invention in suit was to cut the breast surface of the wood heel so that it would be both longitudinally convex and transversely concave, in such a manner that the intersections of the resulting convex arc with the concave arc formed by the sides of the heel would be a straight, or approximately straight, line when viewed from the side. Under the patent this result is accomplished by inserting in a heel blank grooving machine a mechanism for effecting a movement of relative separation and approach between the heel blank and the cutter vertically transverse to the path of the heel blank as it moves past the cutter. The mechanism is a simple convex cam. The vertically rotating cutting tool is shaped so as to cut a concave groove and the cam raises and lowers the heel blank so that less wood is cut from the center of the blank than from the top and seat. Thus the desired longitudinal convexity is secured.

Appellant interposed the usual defenses of noninfringement, prior use, anticipation, and lack of invention.

We think that the application of such an obvious device to an old mechanism falls

---

[1] Typical of the claims is claim 12, which reads as follows:

"In a heel blank grooving machine, a grooving tool having a contour adapted to form a desired breast groove in a Cuban heel blank, a heel blank carrying member arranged to carry a Cuban heel blank past the tool in a path extending vertically of the heel blank, said tool and heel blank carrying member being also arranged to permit a relative movement between them transverse to the said path, and a cam mounted in connection with one of the elements heretofore designated as tool and heel blank carrying members for effecting such a transverse relative movement of the heel blank and the tool, first away from each other and then toward each other, as the heel blank is carried past the tool in such manner that the lateral elevation of the intersection of the breast surface thus formed with the laterally curved surface thereafter to be formed will be substantially rectilinear."

short of invention. As stated by appellee's expert, "The machine shown in this Kinney patent in suit, except for the cam and the roller which worked on the cam and the pivot which allowed the carrier to rise, was an old type of groover." Thus the only inventive concept claimed to be disclosed in this patent consists in the use of the cam for effecting a relative movement between the cutter and the heel blank. In Lees-Bradner Co. v. National Tool Co., 52 F.(2d) 782, 783, this court stated that the attachment of a cam, broadly speaking, "was the commonest mechanical expedient, and could not involve invention." The court recognized that while a difficult mechanical and geometrical problem may have been presented in so shaping the cam as to get the desired relative extent and speed of the motion produced, yet "it was the same problem always met and solved by those who used a cam for such purpose."

Once the problem is realized and defined, the use of a cam to solve it would naturally occur to any skilled machinist. To entitle an inventor to his monopolistic privilege, he must have exercised some degree of ingenuity, displayed some flash of genius, inspiration, or imagination not within the reach of mere artisanship [A. O. Smith Corp. v. Petroleum Iron Works of Ohio, 73 F.(2d) 531 (C.C.A.6)], and such ingenuity is not here disclosed.

Applicable also is the rule that the question of invention is one of fact, considering the entire field of the prior art. Wood v. Peerless Motor Car Corp., 75 F. (2d) 554 (C.C.A.6). The prior art discloses use of the same device in similar environment, here claimed to constitute invention. Patent No. 1,536,691, issued to Russ on May 5, 1925, discloses a machine in which the heel blank is carried past a rotating cutter or barrel saw in the arc of a circle the radius of which is determined by the size of the circular table carrying the heel blanks. This results in a longitudinally convex cut which forms breast edges nearly straight, or sufficiently so for commercial purposes. Russ, moreover, realizing the presence of slight inaccuracies in the operation, said in his specifications "It is entirely within the spirit of my invention to vary this [circular] path of movement if conditions should require it, as might readily be done by a suitable cam action." The exact device here in question was thus suggested by Russ himself.

Munson patent, No. 1,397,897, issued November 22, 1921, for a heel-breasting machine, employs a rotating cutter and interchangeable cams for determining the shape of the heel breast. In Munson the path in which the heel blank moves past the cutter is vertical; in Kinney the path is horizontal.

Loomer patent, No. 1,512,882, issued October 21, 1924, is used for breasting a different style of heel known as the Louis heel. It differs from the patents previously cited in that the path of the heel blank past the rotating cutter is transverse to the breast. The cutter shape determines the longitudinal convexity, while a cam is used to control the horizontal, or transverse, concavity.

We conclude that the claims in suit are invalid for want of invention over the prior art.

The decree is reversed, and the cause is remanded with instruction to dismiss the bill.