**SIMMONS v. HANSEN.**

No. 11756.

Circuit Court of Appeals, Eighth Circuit.

Jan. 21, 1941.

50

Wayne G. Cook, of Davenport, Iowa (Lane & Waterman and Blackburn & Blackburn, all of Davenport, Iowa, on the brief), for appellant.

Walter N. Haskell, of Rock Island, Ill., for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

This was a patent suit brought by appellee as plaintiff, charging the appellant with infringement of two patents, one a method patent for grinding bread-slicing machine blades, No. 2,002,812, and the other a machine patent for practicing the method patent, No. 2,082,832. We shall refer to the parties as they appeared below.

Defendant answered, denying invention in either of the patents and pleading that they had been anticipated by the prior art. The court found the method patent lacking in novelty or invention but sustained certain claims of the machine patent. No appeal has been taken by plaintiff from the decision of the court holding the method patent void, but defendant has appealed from the decision sustaining the machine patent and urges here, as he urged below, that the patent is wanting in novelty and invention.

The method patent relates to a method of producing cutter blades and particularly cutter blades for use in slicing machines. The application for this patent was filed July 1, 1933. Application for the machine patent was filed August 27, 1934 and involves a machine for producing and resharpening cutter blades of the type employed in bread-slicing machines. It has particular reference to the production of blades with a series of scallops such as was set forth in the application for the method patent. In describing the apparatus or machine, it is recited in the application that: "It has more special reference to the production of blades provided on one of their edges with a series of indentations or scallops, such as are set forth in my former application for Letters Patent of the United States for a Method for producing cutter blades for slicing machines, filed July 1, 1933, Serial No. 678,631. The method referred to consists in bending a blade into a curved shape and presenting a bent portion thereof to an abrasive element in a plane to remove a portion of the metal of the blade, and form an indentation therein of desired conformation. The present invention is designed for the support of a blade while the several steps of the method are being carried out, including certain features having to do with the adjustment of some of the parts to insure the proper relative positioning of the blade and grinding element. Means are also provided for effecting the movement of a blade after the forming of one indentation therein to a position for forming another one thereof, which means includes a metering control, by means of which a proper movement of the blade supporting drum is determined."

There are thirteen claims in this patent No. 2,082,832, and the court sustained claims 1, 2, 6, 8 and 12. The claims made up of various combinations of elements as shown by claim 1 which is taken as typical. Claim 1 is as follows: "In a machine for producing a series of adjacent scallops in one edge of a cutter blade, the combination of an abrasive wheel and means for rotation thereof, a cutter blade support mounted in proximity to said wheel, means carried by said support for mounting a cutter blade in a predetermined bent position with one of its edges presented to said wheel in suitable position for the grinding thereof, means for movement of said support to present new spaces on a blade for grinding operations, and means for gauging the length and positions of said spaces."

The blade to be ground is bent around the edge of a circular disk or drum. Then by contacting the curved surface of the blank blade as bent around the disk or drum at a proper angle to the grinding wheel, a scallop shaped grinding is effected. When one has been so ground, the disk is moved by means of a rachet

a fixed space and another similar scallop is ground. The apparatus is fairly presented by the following drawing which accompanied the application for patent:

must have been an opportunity to acquire such knowledge as would enable one skilled in the art to reproduce it without exercising further invention of his own. While

There was no proof of any prior art patents, but there was proof of at least two other devices for grinding these blades in scallop form.

On this appeal it is contended that the court erred in holding plaintiff's machine patent valid and in not holding that it had been anticipated by the prior art.

■■■ A valid patent cannot issue to an applicant for his alleged invention if it was known or used by others in this country before his invention or discovery thereof. Corona Cord Tire Company v. Dovan Chemical Corporation, 276 U. S. 358, 48 S.Ct. 380, 72 L.Ed. 610. The mere fact that the earlier invention was not the subject of patent is not material, nor is it material that the inventor may have been ignorant of the anticipatory invention. The invention, however, must have been known to the public, or there

actual construction or use of the prior method or apparatus is the best evidence of its prior discovery, yet this is not essential if the discovery has been so manifested publicly that one skilled in the particular art would be able to reproduce it. Generally, the invention must be tested and found satisfactory.

The lower court found that A. B. Winans and his son, Ross Winans, were confronted with the problem of making and sharpening scalloped blades for bread-cutting machines as early as 1929. Ross Winans made drawings of such a proposed machine in the spring of 1931 and in the early summer of 1932 constructed a machine which embodied the idea of bending the blank blade and applying it to a grinding wheel for making and sharpening these blades. He manufactured scalloped blades with this machine and

sold them in the years 1931 and 1932. The first Winans machine was operated by a drum on which was curved the blank or intended blade, and this drum was pivoted on a vertical caster that would allow the drum to be bent forward to the wheel. The drum was anchored as far as horizontal movement on its axis was concerned, and the operation consisted in placing the drum with the knife bent around it on an angle to the emery wheel that would make or sharpen scallops in the blade. The court found that, "in the operation of the early machine which was in use prior to plaintiff's inception of his process patent that after the knife blade was placed on the disk the disk came down straight across the wheel and rocked down against the wheel. It took a lot of experience to get the scallops made in alignment and at one time on or above the machine was placed an indicator or pointer for indicating the width of the scallops. This indicator was used some but the machine was also used without it. The indicator was not introduced at the trial and its description and use are indefinite."

The court also found: "I find that satisfactory knife blades were made from this machine and sold to the trade prior to the plaintiff's inventive idea."

The court also found that A. B. Winans and Ross Winans later made another machine and adopted the idea of drawing the blade across the wheel. There is also evidence that Walter A. Robson, of Grand Rapids, Michigan, had, prior to November 11, 1930, conceived the idea of grinding scalloped blades by bending the blank blade around a disk or drum. After using a wooden disk, he developed a fixture to hold the drum in an inclined position with means for varying the inclination of the fixture. He mounted this fixture on a standard grinder, and moved it back and forth across the grinding wheel on the table of the grinder. He sold blades made in this way in November, 1930.

■■ The Winans machine did not embody means of reciprocating the blade or drum back and forth across the face of the grinding wheel. The means of accomplishing this, however, was admitted by plaintiff to have been old in the art of grinding before he adopted it in his machine patent. The plaintiff is presumed to have had knowledge of the Winans device. Detroit Stoker Co. v. Brownell Co., 6 Cir., 89 F.2d 422. The question is therefore presented whether he has made any substantial contribution to the art which is not the product of mechanical skill, over the teaching of the Winans machine. If the defect, if it may be called such, in the Winans machine, or the improvement which plaintiff has made therein, were obvious to a person skilled in the art, and effected by the exercise of mere mechanical skill, as distinguished from inventive skill, then the Winans machine would constitute an anticipation. Brush v. Condit, 132 U.S. 39, 10 S.Ct. 1, 33 L.Ed. 251; Freydberg Bros. v. Hamburger, D.C., 17 F.2d 300.

■ The court has found that the Winans machine satisfactorily produced these scalloped blades and that they were sold to the public. The use was therefore not experimental. As said by the Supreme Court in Electric Storage Battery Co. v. Shimadzu, 307 U.S. 5, 59 S.Ct. 675, 684, 83 L.Ed. 1071: "A mere experimental use is not the public use defined by the Act, but a single use for profit, not purposely hidden, is such. The ordinary use of a machine or the practice of a process in a factory in the usual course of producing articles for commercial purposes is a public use."

■ About the only contribution that plaintiff has made to the art was the adding of the ratchet. To entitle the inventor to a patent, he must exercise some degree of inventive genius and not mere mechanical skill. Attaching this ratchet, we think, was not invention. In the case of Vulcan Corporation v. Slipper City Wood Heel Co. 6 Cir., 89 F.2d 109, 110, the court said: "Thus the only inventive concept claimed to be disclosed in this patent consists in the use of the cam for effecting a relative movement between the cutter and the heel blank. In Lees-Bradner Co. v. National Tool Co. [6 Cir.] 52 F.(2d) 782, 783, this court stated that the attachment of a cam, broadly speaking, 'was the commonest mechanical expedient, and could not involve invention.' * * * Applicable also is the rule that the question of invention is one of fact, considering the entire field of the prior art. * * * The prior art discloses use of the same device in similar environment, here claimed to constitute invention."

The Winans machine was used both with and without a gauging means, as found by the court. The plaintiff's apparatus embodied a means for bending a blade in combination with a means for moving and reciprocating the blade into engagement with a grinding wheel. That result was produced by the Winans apparatus.

The trial judge interrogated the plaintiff with reference to the novelty of any of the parts of his machine and developed that a device was attached to the standard grinder just to move the fixture past the wheel. The court then asked:

"Q. What is the difference in principle between moving the standard table back and forth and moving this fixture you have here back and forth? A. As far as the table itself is concerned there is no difference, but we made the machine because the standard grinder costs maybe five or six thousand dollars and it was a heavy investment for just doing that little work."

The witness then said that there had been prior machines with a table moving back and forth in front of the grinding machine, and that there had been machines to hold the object in position and to move it up against the ·rachet. The ·court then asked:

"Q. But it had been used on other things, hadn't it? A. Well, I suppose it had.

"Q. And then the only thing you claim for the machine is that it had never been used for blades before; that is, nobody ever thought to use it to have blades fixed by such a machine, is that right? A. Yes."

The witness then stated that the ratchet was for the purpose of dividing the blank blade into a number of determined spaces. He also testified that prior to his invention it had been used for that purpose in grinding metals. He then testified: "Well, the thing we claim is to form scallops in a flexible piece· of steel by means of bending it around the drum and holding it and by means of a ratchet dividing it into a certain number of spaces or by means of relation between the circumference of the drum and the number of teeth of the scallops or the space of the scallops from one point to the other."

It thus appears that the use of the ratchet to index or space the successive scallops had been commonly used before in the grinding art. Plaintiff's machine is a combination of old elements, producing an old result. Mechanical skill was adequate to make the selection of these elements from the methods and devices in the prior art, and hence, there was no invention. Grinnell Washing Machine Co. v. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196. It is well established that no invention is involved in combining known elements or their mechanical equivalents in substantially the same way as in a prior method to produce substantially' the same result. Concrete Appliances Co. v. Gomery et al., 269 U.S. 177, 46 S.Ct. 42, 70 L.Ed. 222.

The judgment appealed from is therefore reversed and the cause remanded with directions to enter judgment dismissing plaintiff's complaint.