WoRlet, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the rejection by the Primary Examiner of claims 11 to 15, inclusive, of appellants’ application for a patent on ‘Amines and Process for the Preparation of Amines.” Claims 11 and 13 are the only appealed claims which have been considered on their merits. Claims 12, 14, and 15 stand rejected as not readable on the elected species, no generic claim having been allowed. Under such Circumstances, those claims are not before us for consideration on their merits. In re Stoll et al., 34 C. C. P. A. (Patents) 1058, 161 F. 2d 241, 73 USPQ 440.
Since issues of law only are involved in this appeal, it is unnecessary to discuss the disclosure of appellants’ application or to reproduce any of the claims on appeal.
The appeal from the decision of the Primary Examiner was originally heard by a panel of three members of the Board of Appeals, which affirmed the examiner’s decision. Thereupon a petition for rehearing was filed by appellants and, in view of the importance of the issues involved, the appeal was considered by the entire Board of Appeals, which, with two of its nine members dissenting, adhered to the original decision.
Amicus curiae briefs have been filed here on behalf of the American Patent Law Association, the Connecticut Patent Law Association, and the New York Patent Law Association, all of which urge reversal of the board’s decision.
The singly reference relied-on by the Patent Office in rejecting appellants^ application is an article by Nystrom et al. which appeared in the November 1948 issue of the publication “The Journal of the American Chemical Society.” Since appellants’ application is admittedly entitled to the benefit of its filing date in Switzerland as of May 21,1948, it is conceded the Nystrom et al. article cannot be used as a proper reference on the basis of its publication date alone. However, at the end of the published article is the notation “Keceived April 30,1948.”
The rejection is based on Section 102 (a) of the Patent Act of 1952; (35 U. S. C. 102 (a)) which provides that a patent shall not be granted if “the invention was known or used by others in this country * * * before the invention thereof by the applicant for patent.”. While no-one contends the Nystrom article is a “publication” within the mean *989 ing of 35 U. S. C. 102 (a), as of April 30,1948, it was the position of the Patent Office, notation of that date constitutes prima facie evidence that the invention claimed by appellants was “known” by others in this country prior to May 21,1948. It is not disputed that the invention recited in appealed claims 11 and 13 is disclosed in the Nystrom et al. publication.
Although appellants, as well as amicus curiae, stress the alleged •criticality of the notation purportedly reflecting the date of receipt of the article, it seems to us, in view of the decisions hereinafter cited,'( the basic question here is whether the Nystrom article, regardless of { the date received, constitutes sufficient evidence of prior knowledge \ •or use of the claimed invention by others in this country within the meaning of 35 U. S. C. 102 (a).
The Nystrom article contains descriptions of various experiments. It has been held by this court, however, that even a printed publication does not constitute a reduction to practice, but is evidence of conception only, Kear v. Roder, 28 C. C. P. A. (Patents) 774, 115 F. 2d 810, 47 USPQ 458. Obviously the same would certainly be true of the manuscript on which a publication is based. Moreover, it was not held below, nor is it contended in the brief for the Commissioner of Patents, that the Nystrom et al. article per se is evidence of reduction to practice of the invention claimed. Accordingly, that article, at best, could be evidence of nothing more than conception and disclosure of the invention.
Before enactment of the Patent Act of 1952, it was repeatedly held that pri.o.rknowledge, in order to defeat a claim for a patent, must -be knowledge of a complete and operative device] as distinguished from knowledge of a conception only.
Thus, in Block v. Nathan Anklet Support Co., Inc., 9 F. 2d 311, the court (C. C. A. 2d Circuit) said: “Were they ‘known’ in the sense in which the statutes uses [sic] the term ? The word has acquired a somewhat esoteric meaning, imputed by the courts to accomplish the purpose of the statute. Mere acquaintance with the invention, even if disclosed, is not enough; nothing short of ‘reduction to practice’ will do, whatever that may mean,” citing Reed v. Cutter, 1 Story 590, 599; Coffin v. Ogden, 18 Wall. 120; Stitt v. Eastern R. Co., 22 Fed. 649; Imperial Brass Mfg. Co. v. Nelson, 203 Fed. 484; and Buser v. Novelty Tufting Machine Co., 151 Fed. 478.
In Coffin v. Ogden, supra, the court said:
* * * The invention or discovery relied on as a defense must have been complete, and capable of producing the result sought to be accomplished; * ⅜ ⅜. The law requires not conjecture but certainty. If the question relate to a machine, the conception must have been clothed in substantial forms which demonstrate at once its practical efficacy and utility. * ⅜ *
*990 In Stitt v. Eastern R. Co., supra, it was said:
The evidence is sufficient to support the defense of prior knowledge and useji it' proves the invention was complete and capable of working; if it had been put to use and was known to any considerable number of persons. * * * If the construction of the prior thing of itself demonstrates that it is within the principle of the-patent, then perhaps no use need be established for it might be said to prove itself. It is not necessary that the prior invention should have been actually-used for the purpose contemplated, but it must have been capable of such use.
The principle involved in the decisions just cited was carried a step-further in Doyle v. Spaulding, 19 Fed. 744; Westinghouse Mach. Co. v. General Electric Co., 207 Fed. 75; and City of Milwaukee v. Activated Sludge, Inc., 69 F. 2d 577. Each, of those cases involved a situation, in which a device had been successfully used abroad, and individuals in this country were shown to have had full knowledge of it prior to its invention by the patentee whose patent was in dispute. In each case it was held there' was no such prior knowledge as would invalidate the patent. Manifestly,.knowledge of a conception which has not been reduced to practice, as in the present case, can be no more effective than knowledge in this country of a conception which has been reduced to practice abroad.
It is, moreover, settled that a disclosure in an abandoned application for a patent does not constitute such evidence of prior knowledge as will bar the allowance of a subsequent application. The Cornplanter Patent, 23 Wall. 181, 90 U. S. 181; Monarch Marking System Co. v. Dennison Mfg. Co., 92 F. 2d 90; Interurban Ry. & Terminal Co. v. Westinghouse Electric & Mfg. Co., 186 Fed. 166. In the last case cited the court quoted with approval the following paragraph from Walker on Patents, Fourth Edition:
Novelty is not negatived' by any prior abandoned application for a patent. Abandoned applications for patents are not, by the statutes, made bars to patents' to later applicants. They furnish no evidence that- the processes or things they describe were ever made or used anywhere. Being only pen and ink representations of what may have existed only as mental conceptions of men who put them upon paper, they do not prove that the processes or things which they depict were ever known in any country. Nor can they be classed as printed publications for they are usually, in writing and not published by the Patent Office.
Since an abandoned patent application is evidence of conception of the invention it discloses, Euth v. Oliver, 21 C. C. P. A. (Patents) 1027, 70 F. 2d 110, 21 U. S. Pat. Q. 230, and cases there cited, the last three decisions cited above also stand for the proposition that-knowledge of a prior conception of an invention in this country is not enough to defeat the claim of a subsequent applicant.
The general rule as to prior knowledge is stated in Bobinson on Patents, Section 227:
*991 Thus we arrive at a moré perfect and exhaustive.definition of this -attribute of .novelty and see that an invention is to be regarded as new whenever it has not already been brought within the practical knowledge of the public as an operative means, either through prior usé at home or through a prior patent or .a prior publication.
To the same effect is the statement in Revise and Caesar, Patenta-bility and Validity (1936), section 57, that:
Prior knowledge and use to be effective as an anticipation must have been of a complete and operative device or process capable of producing the result sought to be accomplished.
Curtis, Law of Patents, Fourth Edition, page 91, states:
■ It is not sufficient that another may have previously conceived.the idea that the thing patented' could be done; he must have reduced the idea to -practice and embodied it in some useful practical-form. The presentation of such ideas by drawings is not such embodiment into practical and useful form as wili defeat a patent which has been granted.
It is well settled that a prior experiment will not invalidate an invention subsequently completed by another. Such experiment must have been brought to a completed form, capable of producing some useful result. He is the inventor, and is entitled to a patent who has first completed the machine and made it capable of useful operation, although others, may have previously had the idea, and made some experiments towards putting it into practical form. Prior machines, in order to defeat a patent for subsequent machines, must have been working machines and not mere experiments; they must either have actually done work or have been capable of doin'g it. , ' -
The reviser’s note on Section 102 of the Patent Act of 1952 (35 U. S. C. 102) contains the folio-wing statement:
No change is made in these paragraphs [102 (a),. (b),; and (c)] other than that due to division into lettéred paragraphs. The interpretation by the courts of paragraph (a) as being more restricted than the actual language would suggest (for example, “known”-has been held to mean “publicly known”) is recognized but no change in the language is made at this -time. - . .
Apparently-, therefore, the 1952 act contemplated no change in the meaning of “known,” as fixed by former judicial interpretation, and also recognized it as being even more limited than the or dinary meaning of the word.
Since the 1952 Patent Act became effective, the meaning .of the word “known” in Section 102 (a) has been.considered by the Court of Appeals of the Ninth Circuit. In Stearns v. Tinker & Rasor, 220 F. 2d 49, 104 USPQ 234, that court'said: . .
* * * An invention is “known” as that word is used in the statute, when it is “reduced to practice.” It follows here, on the same principle that Mudd and his associates and his employer cannot be found to have “known the practical advantages of a rolling spring as an electrode before they ever rolled a- spring for that purpose. * * * ■ ' ' ■
*992 The foregoing authorities are clearly to the effect that reduc-I tion to practice is an essential part of the prior knowledge or use by Í others which is necessary to anticipate a claim of a patent application | within the meaning of the involved statute.
While there is broad language in some of the decisions relied on in support of the present rejection which might be construed, as urged by the Patent Office, as suggesting that knowledge of a prior conception and disclosure of an invention would constitute an anticipation of an applicant’s claim thereto, none of those decisions is actually based on conception alone. In Alexander Milburn Co. v. Davis-Bournonville Co., 270 U. S. 390, which is the decision principally relied on, as-well as in Minnesota Mining & Mfg. Co. v. Coe, 69 App. D. C. 256, 100 F. 2d 429; Hommel Mfg. Co. v. East Side Mfg. Co., 16 F. 2d 1008; and Western States Mach. Co. v. S. S. Hepworth Co., 147 F. 2d 345, the prior disclosures under consideration were included in the specifications of patent applications and had therefore been constructively reduced to practice, while in Dovan Chemical Corporation v. Corona Cord Tire Co., 10 F. 2d 598, affirmed, 276 U. S. 358, and United Chromium v. General Motors Corporation, 85 F. 2d 577, the inventions relied on to show prior knowledge had been actually reduced to practice.
In our opinion, one of the essential elements of the word “known” as used in 25 U. S. C. 102 (a) is knowledge of an invention which has been completed by reduction^ practice, actual or constructive, and is not satisfied by disclosure of a conception only.
It was also held in numerous decisions prior to the Patent Act of 1952 that prior knowledge of a patented invention would not invalidate a claim.of the patent unless such knowledge was available to the public. Gaylor v. Wilder, 10 Howard 477; Pennock and Sellers v. Dialogue, 27 U. S. 1; Simmons v. Hansen, 117 F. 2d 49, 48 USPQ 345. That principle is stated by Robinson, Law of Patents, in Section 227:
It is to be remembered, however, that “knowledge” in this sense means such an acquaintance with the invention on the part of the public as renders it available to them as a practically operative means.
and in Walher on Patents, Deller’s Edition, page 281, it is said:
Novelty of a machine or manufacture is not negatived by any prior unpublished drawings, no matter how completely they may exhibit the patented invention — nor by any model no matter how fully it may coincide with the thing covered by the patent.
Obviously, in view of the above authorities, the mere placing of a manuscript in the hands of a publisher does not necessarily make it available to the public within the meaning of said authorities.
*993 In view of the extensive discussion by all parties of the Milburn case, supra, it is desirable to consider that decision in some detail. Involved there was the validity of a patent to Whitford granted June 4, 1912, on an application filed March 4, 1911, in view of a patent to Clifford, disclosing but not claiming the invention claimed by Whitford, and granted February 6, 1912, on an application filed January 31, 1911. Thus, Clifford’s patent was granted after Whitford’s application was filed, but his application was filed prior to that of Whitford. The court held that the prior disclosure of the invention in the Clifford application rendered the Whitford patent invalid, saying:
⅝ ⅜ » we understand the Circuit Court of Appeals to admit that if 'Whitford had not applied for his patent until after the issue to Clifford, the disclosure by the latter wohld have had the same effect as the publication of the same words in a periodical, although not made the basis of a claim. 1 Fed. (2d) 233. The invention is made public property as much in the one case as in the other. But if this be true,, as we think that it is, it seems to us that a sound distinction cannot be taken between that case and a patent applied for before but not granted until after a second patent is sought. The delays of the patent office ought not to cut down the effect of what has been done. ⅜ ⅜ •
It seems to us from the quoted language that the court did not hold that prior knowledge, to be anticipatory, need not be public, but did hold that the filing of a patent application on which a patent is later granted makes the invention disclosed public property as much as an actual publication in a periodical. The situation is different with respect to the submission of a manuscript to a private publisher who may make it public or not as he sees fit.
Moreover, in the Milbwm case the Court states:
It is said that without a claim the thing described is not reduced to practice. But this seems to us to rest on a false theory helped out by the fiction that by a claim it is reduced to practice. * ⅜ ⅜ A description that would bar a patent if printed in a periodical or in an issued patent is equally effective in an application so far as reduction to practice goes.
The Court thus held the invention disclosed by Clifford was constructively reduced to practice as of his filing date. The disclosure involved, therefore, was not of a conception only, but of an invention which had been completed by constructive reduction to practice. This constitutes a clear .distinction from a case in which a disclosure of an invention has been merely submitted to a publisher since such submission obviously does not constitute a reduction to practice.
It is to be noted that in addition to Section 102 (a), previously considered, the Patent Act of 1952 contains a further Section 102 (e) which precludes the granting of a patent if “the invention was described in a patent granted on an application for patent by another- *994 filed in the United States before the indention thereof by the applicant for patent.”' The reviser’s note with respect to the latter section reads:
Paragraph (e) is new and enacts the rule of Milburn v. Davis-Bournonville, 270 U. S. 390, by reason of which a United States patent disclosing an invention dates from the date of filing the application for the purpose of anticipating a subsequent inventor.
. This court has previously considered the Milburn decision. In Courtney Conover v. Charles R. Downs, 17 C. C. P. A. (Patents) 587, 35 F. 2d 59, 3 U. S. Pat. Q. 58, it was pointed out that the MiTbw-n decision “should be construed and applied in accordance with the precise issue before the court.” We think that admonition is clearly appropriate here. Since the issues in tbe Milburn case are completely distinct from those here, we do not think the dicta there contemplated the precise issues here, nor that the conclusion there is properly applicable here.
For the reasons given we are of the opinion that.placing of the ISTystrom article in the hands of the publishers did not constitute either prima facie or conclusive evidence of knowledge or use by others in this country of the invention disclosed by the article, within the meaning of Title 35, Section 102 (a) of the United States Code, since the knowledge involved was of a conception only and not of a reduction to practice.
Accordingly1 it becomes necessary to reverse the decision of the Board of Appeals.
Jackson, Judge, retired, recalled to participate.
O’Connell, Judge, because, of illness, did not participate in the hearing or decision of this case.