49 CCPA
## Application of Raymond G. WILKINSON and James H. Boothe.
### Patent Appeal No. 6723.

United States Court of Customs
and Patent Appeals.
July 11, 1962.

Norton S. Johnson, Stamford, Conn.
(William P. Spielman, Washington, D. C.,
of counsel), for appellants.

Clarence W. Moore, Washington, D. C.
(Joseph Schimmel, Washington, D. C., of
counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, RICH,
MARTIN and SMITH, Judges, and
Judge WILLIAM H. KIRKPATRICK.*

WORLEY, Chief Judge.

Appellants applied for a patent on
"Nitriles of the Tetraclines" [1] in Febru-
ary 1955. The examiner rejected the
application on the single reference Ste-
phens et al., an article disclosing the
preparation and identification of the
claimed compound, which was published
in a scientific journal in July 1954.

Appellants attempted to overcome the
rejection by filing affidavits pursuant to
the provisions of Rule 131, 35 U.S.C.A.
Appendix.[2] In holding those affidavits
insufficient to overcome the reference, the

---

\* United States Senior District Judge for
the Eastern District of Pennsylvania, des-
ignated to participate in place of Judge
O'CONNELL, pursuant to provisions of
Section 294(d), Title 28, United States
Code.

1. Since the issue here is one of law, a
technical description of the compound is
unnecessary.

2. "131. *Affidavit of prior invention to
overcome cited patent or publication.*
(a) When any claim of an application
is rejected on reference to a domestic pat-
ent which substantially shows or describes
but does not claim the rejected invention,
or on reference to a foreign patent or
to a printed publication, and the applicant
shall make oath to facts showing a com-
pletion of the invention in this country
before the filing date of the application
on which the domestic patent issued, or

before the date of the foreign patent, or
before the date of the printed publication,
then the patent or publication cited shall
not bar the grant of a patent to the ap-
plicant, unless the date of such patent or
printed publication be more than one year
prior to the date on which the application
was filed in this country. (b) The show-
ing of facts shall be such, in character and
weight, as to establish reduction to prac-
tice prior to the effective date of the ref-
erence, or conception of the invention
prior to the effective date of the reference
coupled with due diligence from said date
to a subsequent reduction to practice or
to the filing of the application. Original
exhibits of drawings or records, or photo-
graphic or photostatic copies thereof,
must accompany and form part of the affi-
davit or their absence satisfactorily ex-
plained."

examiner stated that they "lacked the *essential element* of *utility* which is necessary for the reduction of the invention to practice and thus a completion thereof." In affirming, the board said:

"We agree with the examiner's position that in order to overcome the reference, it was necessary for the appellants herein to show complete reduction to practice of the invention and particularly to show the utilization of the compound. * * "

Summarizing the facts of record as we understand them, we have the following situation:

1. The Stephens publication discloses the claimed compound and its identification. It does not allege a use for the compound, it does not show a use, nor is any use alleged to be obvious.

2. Appellants' affidavits prove that appellants had made and identified the claimed compound prior to the publication date of the Stephens reference. The affidavits do not allege a use for the compound, they do not show a use, nor is any use alleged to be obvious.

3. The legal adequacy of the present application for a patent on the compound is not questioned.

Since the Stephens reference does not allege or disclose a use, nor is a use alleged to be obvious, the issue is whether, under such circumstances, appellant can properly be required to show an actual reduction to practice, including a showing of use, to overcome the reference. In other words, if Stephens shows A, can appellant be compelled to show A *plus* B before he can overcome Stephens? We do not think so, nor do we find any authority for such a requirement in the cases relied on below.[3]

We acknowledge the varying degrees of relevance of the cases cited below, as well as by opposing counsel here, but find none, including In re Stempel, 241 F.2d 755, 44 CCPA 820, sufficiently in point with the precise fact situation at bar to be controlling.

Since appellants have satisfactorily shown they did everything done by Stephens *prior* to the latter's publication date, they have overcome Stephens as a valid ground of rejection. Thus, we are obliged to *reverse* the decision appealed from.

Reversed.

MARTIN, Judge, concurs in result only.

RICH, Judge (concurring).

I concur in the result. The principles I believe to be applicable here are stated in In re Stempel, 241 F.2d 755, 44 CCPA 820. The principles to which I refer are set forth, point by point, in the last six paragraphs of the opinion.

I also wish to express full agreement with Judge SMITH's concurring opinion.

SMITH, Judge (concurring).

While I am in full agreement with the result reached by the majority, its opinion does not set forth certain fundamental considerations which have influenced my views.

The facts of the present case lead me to the same conclusion as that reached by the majority, i. e., since the Stephens et al. reference discloses the claimed compound and its identification but does not allege nor show a use, then all appellants need to show in their affidavit under Rule 131 to overcome the effect of the Stephens et al. publication is that they made and identified the claimed compound before the effective date of the publication.

3. During the proceedings below the examiner and board cited the following:
Conner v. Joris, 241 F.2d 944, 44 CCPA 772; Smith v. Bousquet, 111 F.2d 157, 27 CCPA 1136; Townsend v. Smith, 36 F.2d 292, 17 CCPA 647; Larsen v. Marzall, 90 U.S.App.D.C. 260, 195 F.2d 200; Knutson et al. v. Gallsworthy et al., 82 U.S.App. D.C. 304, 164 F.2d 497; Ex parte Buc et al., 114 USPQ 552 (Bd.App.1957); Collins v. Trumpler, 105 USPQ 341 (Bd. Pat.Inter.1954); Ex parte Fryling et al., 1957 C.D. 43 (Bd.App.1954); Ex parte Grosselin, 1901 C.D. 248.

As summarized in the solicitor's brief:

" * * * [Although] the statutes nowhere expressly provide ·that the bar of a novelty negativing reference may be overcome or removed, Rule 131, like its predecessor Rule 75, provides the means and manner in which an applicant may overcome the *apparent* lack of novelty because of an earlier publication, and, therefore, an *apparent* bar, under 35 U.S. C. 102(a). * * *" [Emphasis added.]

No doubt the solicitor meant that the statutes provide no *procedure* for overcoming a reference which only prima facie negatives novelty. This is not unusual. But the statutes do give a right for which some procedural remedy is necessary.

The solicitor's brief summarizes what has been said in many of the decisions in which former Rule 75 and present Rule 131 have been considered as follows:

" * * * The language of the rule and its interpretation through almost a century all combine to show that, while paragraph (b) of present Rule 131 is new, it merely incorporates the practice and construction which was considered implicit in the old rule. Hence, to apply correctly and properly the requirements of the rule it is essential to know what the terms 'completion of the invention', and 'reduction to practice' mean in interference law and practice."

The solicitor then argues that the present issue should be determined by analogy to an interference proceeding. While there is no issue here of priority between rival inventors in the sense of an interference proceeding arising under 35 U.S.C. § 102(g), it seems to me that if the solicitor's argument is to be pursued, it is necessary to first assume that the reference publication stands in the position of a prior filed application [1]

In this situation Rule 202 presumably would be addressed to appellants who, in this analogy, stand in the junior party position. The statement showing prior conception of the invention contained in appellants' affidavit under Rule 131 would in my opinion be sufficient under Rule 202 "to establish *conception* of the invention under consideration for the purpose of establishing priority of invention". [Emphasis added.]

If we are to pursue the interference analogy suggested by the solicitor to this point, it then seems to me the analogy should be pursued to its logical end. On this basis, the reference publication, when viewed in the light of an *inter partes* interference proceeding, would not constitute a constructive reduction to practice of the invention. It would have no "effective date" as a reduction to practice under the applicable principles of patent interference law. On this basis, therefore, appellants should prevail on their application since they are entitled to its filing date as a constructive reduction to practice, which on the present record is the earliest date established for any reduction to practice.

Thus, I would agree with the position taken in appellants' brief that:

"If this were an interference, appellants would only have to show that they were first to conceive the compound of Claim 15. This would entitle them to priority because:

"(a) The Stephens et al. publication is evidence of conception only; not of reduction to practice. In re Schlittler et al. [234 F.2d 882], 43 C.C.P.A. 986; 110 U.S.P.Q. 304.

"(b) Appellants are the first to reduce their claimed invention to practice. They did this on February 14, 1955 (R1) by filing the application on appeal. Rivise and Caesar, 'Interference Law and Practice', Vol. 1, § 154, pages 493–4.

---

1. This assumption is not valid on its face since the publication here does not comply with 35 U.S.C. § 112 and it would not be assigned a filing date. However, for purposes of pursuing the solicitor's analo· gy, it is necessary to make this assumption.

"(c) Priority of invention belongs to the party who was the first to reduce to practice when he was also the first to conceive; no showing of diligence is necessary. Ibid. § 173, page 538."

To avoid this resolution of the issue, the solicitor and the board have relied upon statements found in *ex parte* cases which deal with the effect of disclosures in a reference which is a statutory bar under 35 U.S.C. § 102(b). It seems to me that these cases only confuse the issue here. I am unwilling to extrapolate a rule of construction from such *ex parte* cases where the issue under 35 U.S.C. § 102(b) relates to the extent of the *statutory bar* created by prior publication and to apply this rule of construction to a proceeding such as the present in which a Rule 131 affidavit is relied upon to establish *novelty* over a reference publication. As I see it, there are entirely different public policy considerations which are involved in these two situations.

The extent to which a publication is effective as a statutory bar under 35 U.S.C. § 102(b) must be determined on the basis of the public policy consideration which does not permit the patenting of an invention which the publication has disclosed to the public more than one year before applicant's filing date. In this instance, the legitimate inquiry is, what did the publication donate or abandon to the public? Cf. In re Shackell, 194 F.2d 720, 39 CCPA 847.

Congress has seen fit to provide that an invention disclosed in a publication is not donated or abandoned to the public until one year after the date of publication. Thus, the grant of a patent on an application filed, as here, less than one year from the date of publication, is not barred by the statute. The applicant who thus files his application is entitled under 35 U.S.C. § 102(a) to establish dates which permit a determination of the question of novelty of his invention over the publication.

It is for these reasons I agree the board decision should be reversed. On this record, appellants have established by their affidavit that they conceived the invention prior to the date of the reference publication and the reference fails to establish any reduction to practice. Under these circumstances, it seems to me, this showing should constitute an adequate compliance with Rule 131, even if one accepts the solicitor's theory that interference case law should apply.

Since the question is not "priority" in the interference sense, however, but only novelty under section 102(a), there is no question but that the novelty-negating effect of the reference has been completely overcome.