23 C.C.P.A.(Patents)

## In re STEENBOCK.

### Patent Appeal No. 3665.

Court of Customs and Patent Appeals.
June 8, 1936.

Dryenforth, Lee, Chritton & Wiles, of Chicago, Ill. (John H. Lee, of Chicago, Ill., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 3, 4, 5, and 6 in appellant's application for a patent for an alleged invention relating to a process for treating fungus material to render it antirachitically activated.

So far as the issues here are concerned, appellant's process is sufficiently described in the appealed claims, of which claim 3 is illustrative. It reads:

"3. The process of producing an antirachitically activated substance, which comprises subjecting fungus material in thinly distributed condition to irradiation by light comprising ultra-violet rays for a period sufficient to effect antirachitic activation in substantial degree."

The references are: Steenbock (Br.), 236,197, November 12, 1926; Journal of Biological Chemistry, Vol. 63, February, 1925, pages 25, 26, entitled "Antirachitic Activation by Light"; Soc. Chem. & Ind. Journal, Vol. 46 (1927), pages 1202 and 1203, entitled "Scientific Research in Relation to Actionotherapy."

Each of the references discloses the process of subjecting yeast, a fungus material, to irradiation by ultra-violet rays to effect antirachitic activation. The process there disclosed is precisely the same as that defined in the appealed claims, except that it was limited to yeast.

When the case was originally presented to the tribunals of the Patent Office, appellant's application also contained claims 1, 2, 7, and 8. Those claims defined the process of subjecting yeast, a specific fungus material, to irradiation by ultra-violet rays. Although the references disclosed the process defined in those claims, appellant was permitted to file an affidavit, under rule 75 of the Rules of Practice in the United States Patent Office, showing that he completed the invention prior to the dates of the references. Accordingly, the Board of Appeals reversed the decision of the Primary Examiner, and allowed those claims, of which claim 1 is illustrative. It reads:

"1. The process of producing an antirachitically activated product which comprises: subjecting yeast to the action of light comprising ultra-violet rays for a period sufficient to effect substantial antirachitic activation of the yeast."

With reference to the appealed claims, the Board made the following observations:

"Claims 3, 4, 5, and 6 are broader in their scope, since they cover the activation of a fungus material. In the present application applicant alleges to have discovered that any fungus material can be activated. These claims have also been rejected on the British patent and the publications. No disclosure has been made of activating fungus material in general either in applicant's prior patent No. 1,680,818 or in the two applications filed December 27,

1926. In one of these applications, No. 157,430, an amendment was made on March 22, 1928, which stated that yeast is an example of a fungus. This, of course, cannot be relied upon by applicant to obtain an effective United States filing date for the activation of fungus, in general, prior to the filing date of the present application. Hence, as to these broad claims, both of the publications are statutory bars, and applicant's British application is also a statutory bar as a two year publication."

As we understand it, the Board of Appeals held that, although appellant was entitled to claim all subject-matter in the involved application disclosed but not claimed in his copending applications, that is the process of subjecting yeast, a fungus material, to irradiation by ultra-violet rays for a sufficient period of time "to effect antirachitic activation in substantial degree," he was not entitled to claim the process as applied broadly to fungus material, because there was no disclosure of such a process in his copending applications, and, also, for the reason that each of the references which disclosed such a process was published more than two years prior to the filing of the involved application.

■ The principle is well established in chemical cases, and in cases involving compositions of matter, that the disclosure of a species in a cited reference is sufficient to prevent a later applicant from obtaining generic claims, although the disclosure in an application of a species may not be a sufficient basis for a generic claim. See In re Ellis, 37 App.D.C. 203; In re Dosselman, 37 App.D.C. 211; In re Langmuir, 62 F.(2d) 93, 20 C.C.P.A.(Patents) 733; In re Walker, 70 F.(2d) 1008, 21 C.C.P.A.(Patents) 1121, 1127; In re Burk, 74 F.(2d) 547, 22 C.C.P.A.(Patents) 857.

■ Although appellant's involved application was originally alleged to be a true division of his application No. 157,430, filed December 27, 1926, which matured into patent No. 1,871,136, August 9, 1932, there was no disclosure in that application of the involved process as applied to fungus material generally—the process there disclosed being limited, so far as fungus material is concerned, to yeast. Accordingly, although described as a true division of his original application, appellant, by an amendment to the involved application, dated December 7, 1933, substituting

the language "continuation in part" for the word "division," conceded that it was not a true division, and that his original disclosure was limited to a process involving yeast only.

Applying the rule hereinbefore stated, it is perfectly clear that appellant is not entitled to the broad claims here on appeal.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.