50

25 C.C.P.A.(Patents)

## In re BURKE et al.

### Patent Appeal No. 3850.

Court of Customs and Patent Appeals.

Dec. 23, 1937.

Charles M. Thomas, of Washington, D. C., Richard F. Lyon and Lyon & Lyon, all of Los Angeles, Cal. (Clarence O. McKay, of Washington, D. C., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 64 and 65 in appellants' application for a patent for an alleged invention relating to a process of "crystallizing a salt from solution."

Claim 64 is illustrative of the appealed claims. It reads: "64. A process of crystallizing a salt from solution, which process comprises passing a solution of said salt into a crystallizing zone in which a body of said solution is maintained under a pressure below atmospheric sufficient to evaporate said body of said solution and cool the surface of the body of said solution at which said evaporation is taking place through removal of heat of vaporization while continuously subjecting the body of solution within said zone together with crystals present to a circulation to and from the evaporating surface of said liquid at a rate substantially in excess of the settling rate of the crystals present."

The references cited are: Block, 1,006,-823, October 24, 1911; Isaachsen, 1,478,337, December 18, 1923; Mumford, 1,790,436, January 27, 1931; Jeremiassen, 1,860,741, May 31, 1932; Ritchie et al., 1,873,329, August 23, 1932.

For the purpose of this opinion, the involved process is sufficiently described in the quoted claim.

All of appellants' process claims, Nos. 64 to 70, inclusive, were originally rejected by the Primary Examiner on the references of record.

In his answer to appellants' appeal to the Board of Appeals, the Examiner stated that all of the process claims were rejected on the references, and that, in addition, the claims now before us on appeal, Nos. 64 and 65, were rejected as "unduly broad," in that they were "not limited as to the character of the salt to be crystallized, and are drawn broadly to the process of crystallization of any salt by means of evaporative cooling and agitation."

In explanation of his statement that claims 64 and 65 were "unduly broad," the Examiner said: "It will be obvious from what has been said above, and from a consideration of the present description that the results here sought are not attainable with any salt at any concentration."

With reference to process claims 60 to 70, inclusive, the Examiner, among other things, said: "None of these are limited to concentration and temperature conditions necessary to obtain the results here sought, except in a very general way."

In his final decision, dated July 5, 1935, the Examiner, in rejecting claims 66 to 70, inclusive, which are limited to borax, said: "Various details of distinction are drawn from the references. Thus it is contended that the references are not specific to the crystallization of borax; *in this connection it is submitted that details of crystallization of borax to accomplish a given result have not been shown to be essentially different from the details resorted to for purposes of general crystallization as applied to substantially any given salt.*" (Italics ours.)

In discussing the question of whether the references disclosed a solution of substantial saturation, and in holding that they did, the Examiner stated: "in any crystallization procedure it is obviously desirable to obtain the solution in a state which is close to saturation at least prior to performing details of crystallization."

On appeal, the Board of Appeals reversed the decision of the Primary Examiner as to claims 66 to 70, inclusive, which, as hereinbefore noted, were limited to a particular salt—borax—but affirmed the Examiner's rejection of claims 64 and 65 for reasons which will be hereinafter stated.

In describing the invention, the Board made the following statement: "The appealed claims relate to a method of producing crystals of salt of predetermined and uniform size. Applicants broadly associate the feature of subjecting a solution of salt to partial vacuum at its surface and at the same time so agitating the bath that salt crystals as they be-ing to form are kept suspended by means of an impeller at the bottom of a relatively deep bath of solution under such conditions that the crystals rise at the center of the bath and descend at the sides. New solution is introduced at the bottom and the sludge of solution and crystals is withdrawn from the top of the bath."

With regard to the references cited and their application to the claims appealed to it, Nos. 64 to 70, inclusive, the Board said:

"The examiner relies upon several citations but it appears that the situation presented is that the features are not shown in association in the same method. It is well known to subject solutions of salt to a cooling and concentrating effect of reduced pressure over the surface and it is known that circulation or other agitation of salts during crystallization produces uniform crystallization. The examiner objects that the claims are not limited to particular salts and particular appropriate critical conditions for each salt involved. Claims 64 and 65 do not name any salt. The remaining claims refer to borax.

"On examination of applicants' specification, we find that it does not disclose or suggest using the method for all salts and gives the critical conditions only for the treatment of borax to produce the tetraborate. We must accordingly hold that claims 64 and 65 are broader than and not warranted because not supported by the disclosure in the specification.

"It is our opinion that claims 66 to 70 of the claims on appeal present features constituting invention over the art applied by the examiner *in that none of the citations discloses association of the surface treatment of the bath to reduced pressure while at the same time executing the particular type of agitation specified in the claims.*" (Italics ours.)

So that the decision of the Board of Appeals may be better understood, we quote claim 66, which is illustrative of the allowed claims, and comment briefly thereon: "66. A process of crystallizing borax from solution, which process comprises passing a solution of borax containing insufficient borate to crystallize the pentaborate upon cooling but sufficient to crystallize the tetraborate into a crystallizing zone in which a body of said solution is maintained under a pressure below atmospheric sufficient to evaporate said body of solution and cool the surface of the body of said solution at which said evaporation is taking place through removal of heat of vaporization, *while circulating the solution in said zone to and from the evaporating surface of said solution at a rate substantially greater than the settling rate of*

*the crystals being formed so as to carry the crystals in said zone substantially to said evaporating surface."* (Italics ours.)

It is obvious from a comparison of appealed claim 64 and allowed claim 66 that the physical steps of the process (including the particular type of agitation, which, the Board said, made the allowed claims patentable over the references of record) described in those claims are substantially the same.

We think it is clear, therefore, that the Board intended to, and actually did, reverse the decision of the Examiner, so far as it held that the claims here on appeal—Nos. 64 and 65—were unpatentable over the references of record; and that its sole reason for affirming the Examiner's rejection of those claims was, as stated by it, that they were broader than appellants' disclosure, in that appellants' specification "does not disclose or suggest using the method for all salts and gives the critical conditions only for the treatment of borax to produce the tetraborate."

The Board of Appeals having expressly reversed the decision of the Primary Examiner so far as he held that the involved claims were not patentable over the references of record, that issue is not before us for consideration. In re Wagenhorst, 64 F.2d 780, 20 C.C.P.A., Patents, 991.

In the process claims here on appeal, the physical steps of appellants' process are applied to 'salt generally, and are not limited to any particular salt.

Counsel for appellants have called our attention to several statements in appellants' specification which, we think, clearly show that appellants' process is applicable to all salts. Furthermore, original claims 11, 31, and 33 (which, without suggestion by counsel for either of the parties, were, by order of the court, brought into the record in this court) define, as do the appealed claims, a process for the crystallization of all salts. We must hold, therefore, that the Board was in error in holding that the appealed claims are not supported by appellants' disclosure.

Other matters requiring our consideration are whether appellants disclosed in their original application the "appropriate critical conditions for each salt involved," in order to carry out the physical steps of their process, and, if not, whether it was necessary that those alleged critical conditions be set forth in order that one skilled in the art might carry out the process. It may be said, in this connection, that the Board of Appeals did not state in its decision what those critical conditions were. It apparently had in mind, however, the particular degree of concentration or saturation of a salt solution, in view of the fact that, in his answer to the appeal, the Examiner stated that the results to be obtained by the involved process were not obtainable "with any salt at any concentration."

It will be observed that allowed claim 66 calls for a solution of borax containing "insufficient borate to crystallize the pentaborate upon cooling but sufficient to crystallize the tetraborate," etc. That limitation is not contained in the appealed claims. There is no example given in appellants' specification indicating the temperature conditions necessary to obtain the proper concentration of any salt other than borax.

It is conceded by counsel for appellants that "every salt crystallizes from its solutions at a different temperature and concentration from every other salt." Counsel argue, however, that such temperature and concentration conditions are well known to any chemist or, if not known by one desiring to use the process, are easily ascertained from any "handbook," as, for example, " 'Van Nostrand's Chemical Annual' by Olsen," in which, counsel state, appears a complete list of all inorganic compounds and their solubilities in water, and that, therefore, information as to temperature and concentrations necessary to secure crystallization of any salt solution by appellants' process is available to all.

Appellants are not claiming the discovery of any new property in any chemical compound, and there is nothing of record to indicate that one skilled in the art could not use their process in crystallizing a solution of any salt. Furthermore, in his decision of July 5, 1935, the Examiner stated, as hereinbefore noted, that the details of crystallizing borax by appellants' process had not "been shown *to be essentially different from the details resorted to for purposes of general crystallization as applied to substantially any given salt.*" (Italics ours.) Evidently the Primary Examiner was of opinion that those "details," although different, would be understood by a chemist or one skilled in the art.

Appellants having fully disclosed in their application that their process could

be used in the crystallization of any salt from solution, there being nothing of record to indicate the contrary, and the Board of Appeals having held that the same process as applied to one salt—borax—was patentable over the references, we must hold, for the reasons hereinbefore stated, that the Board erred in rejecting the appealed claims.

Many cases are cited in the briefs of counsel for the parties. However, as the decisive issues before us involve questions of fact only, we deem it unnecessary to discuss the decisions in those cases.

For the reasons stated, the decision of the Board of Appeals is .reversed.