44  C.C.P.A.(Patents)

**Application of Guido H. STEMPEL, Jr.**

**Patent Appeal No. 6245.**

United States Court of Customs
and Patent Appeals.
Feb. 21, 1957.

Frank S. Greene, Cleveland, Ohio, (McCoy, Greene & TeGrotenhuis, and William C. McCoy, Jr., Cleveland, Ohio, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before JOHNSON, Chief Judge, and WORLEY, RICH, and JACKSON (retired), Associate Judges.

RICH, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals in which it affirmed the primary examiner's rejection of claims 1–4, 12, 14 and 15, and reversed the examiner as to claim 18, which claim was allowed.

Claims 1 and 18 are representative:

"1. An isopropenylbenzene having only two substituents both of which are attached directly to the nuclear carbon atoms and neither of which are attached to carbon atoms next adjacent that carrying the isopropenyl group; said substituents being further characterized in that they are both ortho-para directing groups which do not appreciably activate the benzene ring, said isopropenyl benzene being further characterized in that it is free from more than 20 per cent of unpolymerizable impurities.

"18.     3,4-dichloro-isopropenyl benzene said isopropenyl benzene being further characterized in that it is free from more than 20 per cent of unpolymerizable impurities."

We need not discuss the invention beyond pointing out that the application contains broad or generic claims to certain isopropenyl benzenes, such as claim 1, and also specific claims, such as claim 18, to species within the scope of the broad claims. Claims 1–4 and 14 are the broad claims. Claims 12 and 15 are under rejection as to non-elected species and are not before us.

The parties to this appeal are in agreement that there is no dispute as to the facts, which present for our consideration a single question of law. This question, as we shall show, is one on which there is today, as the Solicitor for the Patent Office stated at the hearing, a difference of opinion in the Board of Appeals which our decision in this case should resolve.

These are the pertinent facts:

1. Only one reference is relied on, the United States patent to Amos et al., No. 2,486,379, issued November 1, 1949 on an application filed July 22, 1946.

2. The Amos et al., patent discloses but does not claim the compound "alpha-methyl-3,4-dichlorostyrene" which is the same thing as 3,4-dichloro-isopropenyl benzene, the compound of allowed claim 18. Amos et al. discloses nothing else pertinent to the claimed invention.

3. The applicant submitted several affidavits under Patent Office Rule 131, 35 U.S.C.A.Appendix (formerly Rule 75) which satisfied the Board that he had made the compound as described in claim 18, but only that compound, prior to the filing date of the Amos et al. patent, for which reason it held that claim to be allowable, reversing the examiner on this point.

4. The Board nevertheless sustained the rejection of the broad claims *on the Amos et al. patent,* notwithstanding the antedating under Rule 131 of everything it discloses pertinent to the claimed subject matter.

The question before us is whether, under these circumstances, the rejection of the broad claims on Amos et al. is proper. Restated, the question is: When a domestic patent discloses only a single species of an invention and the applicant submits an affidavit under Rule 131 showing completion of the invention of that species prior to the effective date of the reference (which does not claim it), can that reference be used as the basis of the rejection of generic claims in the application?

Appellant has cited Ex parte Burt, Bd.App.1950, 89 U.S.P.Q. 186 as controlling. In that case the applicant filed an affidavit under Rule 75 (now Rule 131), in support of generic claims, showing completion of the invention of the same species of invention as that disclosed in certain references before the effective date of the earliest reference. In reversing the examiner's holding that the affidavit failed to overcome the references as to the generic claims, the Board said:

"We are of the opinion that the Examiner is in error in holding the affidavit insufficient to overcome these references, because it is not ordinarily the function of an affidavit under old Rule 75 to show the invention *as claimed* has been reduced to practice prior to the date of the reference which it aims to overcome. *It is sufficient if it shows that as much of the claimed invention as is taught in the reference has been reduced to practice by the appellant prior to the date of the reference.* (Emphasis added.)"

It is noted that old Rule 75, as does present Rule 131, required a showing of "completion *of the invention* in this country" before the effective date of the reference. (Emphasis ours.)

In the present case a different panel of the Board has held,

"It is now well settled that a showing under Rule 131 establishing priority as to a common species is not necessarily sufficient to obtain allowance of a generic claim."

And further, on reconsideration, the Board said,

"To obtain allowance of generic claims here appellant must establish that he was in possession of the *generic* invention prior to the effective date of the reference, i. e. the affidavits under Rule 131 must show as much as the minimum required by a patent specification to furnish such support."

It is evident that these statements, particularly the latter, are not in harmony with what was said in Ex parte Burt, if not directly contrary thereto.

To support its view of the law in this case the Board relied on the following cases: In re Steenbock, 83 F.2d 912, 23 C.C.P.A., Patents, 1244; Ex parte Fryling, Bd.App.1947, 75 U.S.P.Q. 9, 1947 C.D. 5; Ex parte Pritchard, Bd.App. 1952, 103 U.S.P.Q. 160; Ex parte Young, Bd.App.1954, 104 U.S.P.Q. 181. The first case was a decision of this court. The others were all decisions of the Board, the opinions in which all rely, to a greater or less extent, on In re Steenbock as a controlling authority. It is also observed that in Ex parte Young the Board indicated a belief that Ex parte Burt, relied on in that case by the appellant, contained language which might be interpreted "as contrary to the terms of Rule 131," having reference no doubt to the passage from Ex parte Burt quoted above. Insofar as this was so, the Board said, "it must be deemed without authority since this Board does not have any authority to modify or ignore the requirements of the rules established pursuant to the

statutes." We shall advert to this point later.

In none of the above Board decisions was the fact situation the same as that in this case.

In Ex parte Fryling the affidavits under Rule 131 showed, first, a prior reduction to practice of one species disclosed by the reference and, second, a conception, prior to the effective date of the reference, of a second species, coupled by diligence with a later reduction to practice, which established priority as to the second species also. The Board *allowed* the generic claims, finding that the affidavits showed completion of a generic invention prior to the effective date of the reference.

In Ex parte Pritchard the applicant attempted to swear back of a reference by showing reduction to practice of "a particular species." He was allowed a claim to that species. But on the appeal he was asking for broader claims, the subject matter of which the Board held to be *substantially shown in the reference.* Thus all pertinent subject matter in the reference had not been antedated and it was still a good reference against the broad claims.

In Ex parte Young an affidavit was accepted as establishing prior invention of a "particular species" but was held not to establish *priority* as to claimed generic subject matter. It is impossible to tell from the opinion how much pertinent disclosure the reference contained other than that which was covered by the showing of the affidavit, but it is obvious that it was considerable. That being so, *there was still anticipatory matter in the reference, not antedated,* by reason of which it could remain a good reference.

The decisions reached on the facts presented in these three Board decisions relied on in this case are, therefore, not, on the basis of their facts, precedents for the decision of the Board in this case.

Of the cases relied on by the Board we have left for consideration the decision of this court in In re Steenbock, supra. Notwithstanding its repeated citation by the Board in cases involving swearing-back affidavits, as a controlling authority for what they must contain to support generic claims, we are unable to see that the opinion either says anything about or makes any holding on this point. To be sure, it refers to the fact that some specific claims had been allowed as a result of a Rule 75 affidavit, but that affidavit had nothing whatever to do with the broad claims on appeal. All of those claims were rejected because there was no supporting disclosure in any of the copending earlier applications on which the appellant was attempting to rely and consequently each of three references constituted a statutory bar, having been published more than two years prior to the filing date of the involved application.

The much quoted statement from this court's opinion in In re Steenbock [83 F.2d 913] was nothing more than a reiteration of the then well-established rule that, in composition of matter cases, "the disclosure of a species in a cited reference is sufficient to prevent a later applicant from obtaining generic claims, although the disclosure in an application of a species may not be sufficient basis for a generic claim," (which seems to be an unnecessary confusion of two distinct propositions of law). The metamorphosis of this statement, through repeated application to unrelated problems without due regard to the circumstances of its origin, into the proposition here applied by the Board that a Rule 131 (or 75) affidavit, to support generic claims, "must show as much as the minimum required by [of] a patent specification to furnish such support," without any regard for what the reference sworn back of discloses, is wholly unwarranted.

As far as the cases relied on by the Board are concerned, we hold that they do not support its affirmance of the rejection of applicant's broad claims on the Amos et al. reference, all pertinent

disclosure in that reference having been antedated.

An earlier Board decision than those considered above which is in accord with our view is Ex parte Clark, Bd. App.1943, 60 U.S.P.Q. 72, cited by neither party, wherein, as here, an examiner held a Rule 75 affidavit inadequate to overcome rejection of a generic (Markush) claim on a reference disclosing only one species which the affidavit had antedated, citing In re Steenbock, supra. In reversing, the Board said, "it was only necessary for applicant to overcome the *disclosure* of that patent to *eliminate* it as a reference." (Emphasis ours.) It correctly distinguished In re Steenbock on the ground that the refusal of generic claims in that case was "For lack of disclosure in the specification rather than lack of showing in the affidavit under Rule 75." To the same effect is Ex parte Clifford, Bd.App.1936, 34 U.S.P.Q. 232 (prior to In re Steenbock); see especially the concurring opinion of Thurber, Examiner in Chief, whose dissenting opinion in Ex parte Sebrell, Bd.App.1937, 36 U.S.P.Q. 80, may have contributed to the schism which has developed in the Board. In this dissent he pointed out that when a reference has a generic disclosure, then the affidavit to overcome it should show prior completion of the generic invention to support a generic claim.

There appears to be another basis for the Board's conclusion beside the "prevailing authority," which we have just found to be non-existent, and that is the wording of Rule 131 itself. This point is not clearly brought out in the Board's opinions in this case, but that it is lurking there is evident from what the Board has said on previous occasions in the cases cited by it and in the Board's statement that "the showing must show a reduction to practice of the *claimed* invention." (Emphasis in original.) It is also implicit in the statement, "It is our conclusion from the record presented that appellant was not in possession of the generic invention at a time prior to the effective date of Amos et al." Wherefore we deem it prudent to express our views on this point, especially since it was argued by the Patent Office Solicitor.

Rule 131, insofar as applicable here, reads:

"When any claim of an application is rejected on reference to a domestic patent which substantially shows or describes but does not claim the rejected invention, * * * and the applicant shall make oath to facts showing a completion *of the invention* in this country before the filing date of the application on which the domestic patent issued, * * * then the patent * * * cited shall not bar the grant of a patent to the applicant, *unless* the date of such patent * * * be more than one year prior to the date on which the application was filed in this country." (Emphasis ours.)

What the Board is here saying, in effect, is that the invention, the completion of which must be shown by a Rule 131 affidavit, is the invention *defined in the claim the applicant is asking for* and, if it is a generic claim, prior completion of the generic invention must be shown, whether or not the reference discloses the generic invention.

We think this is a too literal construction of the rule and not in accord with past practice. See Ex parte Burt and Ex parte Clifford, supra. We are convinced that under the law all the applicant can be required to show is priority with respect to so much of the claimed invention as the reference happens to show. When he has done that he has disposed of the reference.

The patent statutes give to inventors the right to a patent upon compliance with their provisions, and neither the rules promulgated by the Patent Office nor the interpretation placed upon them can detract from those rights. 35 U.S.C. § 6. Under 35 U.S.C. § 102 an applicant is "entitled to

a patent unless" it is shown that one or another of the prohibitory provisions therein, or elsewhere in the statute, applies. In the case of a reference, it is fundamental that it is valid only for what it discloses and if the applicant establishes priority with respect to that disclosure, and there is no statutory bar, it is of no effect at all.

What is a "reference"? It is nothing more than a patent or publication cited to show that all or part of the invention for which a patent is sought was in the prior art, either more than a year before the filing date to which the applicant is entitled, in which case it is a "statutory bar" and cannot be sworn back of, or before the applicant's date of invention. When a reference is not a statutory bar, Rule 131 provides a procedure by which the applicant is permitted to show, if he can, that his date of invention was earlier than the date of the reference. The rule must be construed in accordance with the rights given to inventors by statute and this excludes a construction permitting the further use of a reference as a ground of rejection after all pertinent subject matter in it has been antedated to the satisfaction of the Patent Office.

For the foregoing reasons the decision of the Board of Appeals is reversed.

Reversed.

JACKSON, J., Retired, was recalled to participate in place of COLE, J.