50 CCPA

**Application of Douglas H. MORETON.**

**Patent Appeal No. 6929.**

United States Court of Customs and Patent Appeals.
Feb. 13, 1963.

---

Joseph A. DeGrandi, Washington, D. C. (Francis C. Browne, William E. Schuyler, Jr., Andrew B. Beveridge, Washington, D. C., and Gerald H. Peterson, Santa Monica, Cal., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

This is an appeal from a decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 1–6 of appellant's application Serial No. 668,700, filed June 28, 1957, for FIRE-RE-SISTANT HYDRAULIC FLUID AND LUBRICANT. Ten claims have been allowed by the examiner. Appellant states in application Serial No. 668,700 that said application is a continuation-in-part of his earlier applications Serial No. 221,739, filed April 18, 1951 (abandoned July 2, 1957), and Serial No. 28,521, filed May 21, 1948 (forfeited October 22, 1952).

The following appealed claims are representative:

"2. The fire-resistant hydraulic fluid and lubricant consisting essentially of from 20 to 80 per cent of tricresyl phosphate and from 80 to 20 per cent of chlorinated biphenyl having a combined chlorine content of from 40 to 55 per cent.

"4. The fire-resistant hydraulic fluid and lubricant consisting essentially of 50 per cent of tricresyl phosphate and 50 per cent of chlorinated biphenyl having a combined chlorine content of 48 per cent.

"6. The fire-resistant hydraulic fluid and lubricant consisting essentially of a mixture of from 20 to 80 per cent of phosphate ester represented by the formula:

$$R'-O-P{\left(\substack{=O \\ O-R'' \\ O-R}\right)}$$

in which R and R' are radicals selected from the group consisting of phenyl, cresyl and xylyl and R'' is a radical selected from the group consisting of phenyl, cresyl, xylyl and an alkyl radical having from 4 to 12 carbon atoms and from 80 to 20 per cent chlorinated biphenyl having a combined chlorine content of from 40 to 55 per cent."

Claims 1 and 5 are identical to claim 6 except that the phosphate ester is defined in claim 1 as "triaryl phosphate in which the aryl radicals have from 6 to 8 carbon atoms and a total of 19 to 24 carbon atoms" and in claim 5 as "alkyl diaryl phosphate in which the aryl radicals have from 6 to 8 carbon atoms and the alkyl radical from 4 to 12 carbon atoms." Claim 3 is identical to claim 2 except for reciting cresyl diphenyl phosphate rather than tricresyl phosphate.

The allowed claims are drawn to compositions which contain a polymeric alkyl methacrylate in addition to the phosphate ester and chlorinated biphenyl recited in the appealed claims.

Appellant's application describes a new composition of matter useful particularly

as an extremely fire-resistant and explosion-resistant hydraulic fluid and lubricant. One embodiment of the application, to which the appealed claims are directed, discloses a fire-resistant hydraulic fluid and lubricant consisting essentially of a mixture of a particular phosphate ester and a chlorinated biphenyl which has a combined chlorine content of from 40 to 55 per cent.

The references relied on by the examiner and the board are:

| Caprio | 2,245,649 | June 17, 1941 |
| Gamrath | 2,504,121 | April 18, 1950 |
| Watson | 2,636,861 | April 28, 1953 |
| Gamrath et al. | 2,707,176 | April 26, 1955 |

The Gamrath et al. patent describes hydraulic fluids and discloses a fluid composition containing 50 per cent by weight of tricresyl phosphate and 50 per cent by weight of a chlorinated biphenyl containing 48 per cent of combined chlorine.

The Watson, Caprio and Gamrath patents disclose various phosphate esters useful as components in lubricating and hydraulic fluids.

Claims 1, 2, 4 and 6 stand rejected as being fully met by Gamrath et al.

Claim 3 stands rejected as being unpatentable over Gamrath et al. in view of Watson while claim 5 stands rejected as being unpatentable over Gamrath et al. in view of either Gamrath or Caprio. It is the examiner's position that it "lacks invention" to substitute the cresyl diphenyl phosphate and alkyl diaryl phosphate esters of the secondary references for the tricresyl phosphate in the fluid compositions of Gamrath et al. since the prior art, e. g. the Watson and Caprio patents, shows that various phosphate esters are equivalent in the hydraulic fluid and lubricant art.

Appellant contends that he is entitled to the filing date of his application Serial No. 28,521 filed May 21, 1948, for his appealed claims and thus he antedates the filing dates of the Gamrath et al. patent and of the Watson patent. The applications from which the Gamrath et al. and Watson patents resulted were filed in the Patent Office on January 15, 1951 and June 9, 1950, respectively. Appellant also contends his application Serial No. 221,739 filed April 18, 1951 discloses the subject matter of his appealed claims. Application Serial No. 221,739 is necessary to provide continuity between the present application and Serial No. 28,521. Appellant has conceded that a "two-component composition coming within the scope of Appellant's claims 1–6 is disclosed by Gamrath et al." and in his brief has not challenged the merits of the examiner's rejections of the appealed claims on the cited art but contends that he antedates Gamrath et al. and Watson.

The board held that appellant was not entitled to the benefit of the filing dates of either of the earlier filed applications for the claimed subject matter. It stated:

" * * * Nowhere in application, Serial No. 28,521 have we been able to find any disclosure, contemplation, or suggestion of a two-component composition such as claimed in the instant case and disclosed in the Gamrath et al. patent upon which the appealed claims are rejected. * * *

" * * * Claims drawn to the two-component composition were finally rejected in Serial No. 221,739 as based on insufficient disclosure [1] and the appeal thereon was with-

---

1. Those claims were rejected as based on insufficient disclosure since there was no specific embodiment of a composition solely of chlorinated biphenyl and tricresyl phosphate which is a suitable hydraulic fluid and lubricant.

drawn. The Examiner has held, therefore, that issue of support for the two-component composition in Serial No. 221,739 was finally determined or is *res adjudicata* and, therefore, appellant is not entitled to the filing date thereof in the instant application for this subject matter. * * * The Examiner has concluded that since appellant is not entitled to the filing dates of either of the parent applications in regard to the two-component phosphate ester-chlorinated biphenyl composition, the patents to Gamrath et al. and Watson are statutory bars.

"We are in full agreement with these holdings of the Examiner * * *."

The case involves the question whether appellant is entitled to the benefit of the filing dates of his two patent applications for the appealed claims. If we find that appellant is not entitled to the filing date of Serial No. 28,521, the issue as to whether he is entitled to the filing date of Serial No. 221,739 becomes moot because of the effective dates of the cited prior art.

Appellant urges that the disclosure in Serial No. 28,521 is sufficient to support the appealed claims. It is contended that what is disclosed in that application is a hydraulic fluid and lubricant having a high degree of non-flammability and "which to Appellant and also to anyone having ordinary skill in the art *consisted of* a mixture of a particular phosphorus compound and a particular chlorinated hydrocarbon." [Emphasis ours.] Appellant contends that in Serial No. 28,521 he went a step further and defined a particular ingredient, i. e., a suitable polymeric alkyl methacrylate, which he found to be *excellent for improving the* viscosity index of his two-component mixture, i. e. his phosphorus compound-chlorinated hydrocarbon mixture. He urges that the only purpose for the polymeric alkyl methacrylate is as a viscosity index improver to increase the viscosity index of the resulting composition to the

desired level for the intended use. To support that contention appellant points to that part of Serial No 28,521 which reads:

"For the purposes of this invention, it has been discovered that the proportion of poly alkyl methacrylate [polymeric alkyl methacrylate] used may be that which is sufficient to increase the viscosity index of the resulting composition to the desired level for its intended use. Usually from 0.2 to 10 per cent by volume of the poly alkyl methacrylate (exclusive of any solvent) will be found satisfactory, and preferably a proportion within the range from 1 to 5 per cent."

It is argued that if one having ordinary skill in the art were satisfied with the properties of the two-component composition "for a particular use," he would not add the polymeric alkyl methacrylate.

Our decision as to whether the board was correct in finding that the claimed invention was not entitled to the benefit of the filing date of appellant's application Serial No. 28,521 requires a careful analysis of that earlier application as a whole to see what invention is disclosed therein. 35 U.S.C. § 120 states that "An application for patent for an *invention* disclosed * * * in an application previously filed in the United States by the same inventor shall have the same effect, *as to such invention,* as though filed on the date of the prior application, * * *." [Emphasis ours.] If appellant's invention as claimed in the appealed claims is not disclosed in Serial No. 28,521, he is obviously not entitled to the filing date of that application for the appealed claims.

Turning to the introductory portion of Serial No. 28,521, it reads:

"This invention relates to a new composition of matter useful as a functional fluid, such as a hydraulic fluid and lubricant, especially such a fluid having a high degree of non-flammability.

"Certain functional fluids for hydraulic systems are required to meet many stringent specification requirements relating to such properties as viscosity at low and high temperatures, rate of change of viscosity with temperature, pour point, volatility, density, stability, ability to lubricate, etc., and in addition are required to have a high degree of non-flammability. The compositions of *my invention* have properties making them surprisingly suitable for such functional fluids.

"Compositions of *my invention* are made by compounding *at least three essential ingredients*; namely, a suitable ester of an acid of phosphorus, a suitable halogenated hydrocarbon, and a suitable polymeric alkyl methacrylate. * * * " [Emphasis ours.]

Another portion of Serial No. 28,521 reads:

" * * * The triaryl phosphate, tricresyl phosphate, was found to be incompatible with the polymeric octyl methacrylate in the absence of the halogenated hydrocarbons, * * and *it is a significant feature of my invention* that such chlorinated hydrocarbons render the polymerized octyl methacrylate soluble in such a triaryl phosphate as tricresyl phosphate. The non-flammability of the resulting compositions was surprisingly high, especially in view of the fact that such other properties as *viscosity at low and high temperatures, rate of change of viscosity with temperature*, pour point, volatility, density, stability, ability to lubricate, etc. *were such as to render these compositions useful as hydraulic functional fluids having a high degree of non-flammability.*" [Emphasis ours.]

All the specific examples as well as the original claims in Serial No. 28,521 are drawn to compositions containing at least a suitable phosphorus compound, a suitable halogenated hydrocarbon *and* a suitable polymeric alkyl methacrylate. More-

over, we are unable to find a teaching in Serial No. 28,521 that a hydraulic fluid and lubricant could be had in the absence of the third essential ingredient, i. e. the suitable polymeric alkyl methacrylate.

Although appellant has pointed to language in Serial No. 28,521 as indicating that the only purpose for the polymeric alkyl methacrylate is as a viscosity index improver, we find nothing in that language which discloses that a lubricant and hydraulic fluid according to the invention of that application can be produced without the polymeric alkyl methacrylate. The application has characterized the polymeric alkyl methacrylate as an essential ingredient of the lubricant and hydraulic fluid. Furthermore, in elaborating on the polymeric alkyl methacrylate appellant in that earlier application states:

" * * * The poly octyl methacrylates suitable *for the purposes of this invention are * * *.*

\* \* \* \* \* \*

"*For the purposes of this invention*, it has been discovered that the proportion of poly alkyl methacrylate used * * *." [Emphasis ours.]

Therefore, viewed in the light of the disclosure in Serial No. 28,521, we are convinced that that application discloses an invention directed to a three-component hydraulic fluid and lubricant but *not* an invention directed to a two-component hydraulic fluid and lubricant, i. e. one consisting "of a mixture of a particular phosphorus compound and a particular chlorinated hydrocarbon." On that basis we find that appellant is not entitled to the benefit of the filing date of Serial No. 28,521 for the appealed claims.

For another reason appellant asserts that the disclosure in Serial No. 28,521 is sufficient to support his appealed claims and overcome the patent to Gamrath et al. He contends that since the parent case is a constructive reduction to practice of everything disclosed therein, the test is whether the disclosure of the parent case is sufficient to antedate so much of the claimed disclosure as the patent

shows "much in the same manner as an affidavit under Rule 131," citing In re Stempel, Jr., 241 F.2d 755, 44 CCPA 820. We do not believe that to be the test. The decision in In re Stempel, Jr. is limited to affidavits under Rule 131 and no such affidavit is involved here. Instead, the instant situation is governed by 35 U.S.C. § 120 which entitles the appellant to rely on the date of an earlier filed application for his claimed invention only if that invention is disclosed in that earlier filed application. In the present case we have found that the invention disclosed in the earlier application, Serial No. 28,521, is a composition containing at least three essential ingredients while the claimed invention is directed to a composition consisting essentially of two ingredients.

Since we have found that the appealed claims are not entitled to the benefit of the filing date of Serial No. 28,521, as stated previously it is unnecessary to consider the question of whether appellant is entitled to the benefit of his other application, Serial No. 221,739, which does not antedate the effective dates of the references. It follows then that since the claims clearly do not define patentably over those references, the decision of the board is affirmed.

Affirmed.