58 CCPA

**Application of Abner B. STRYKER, Jr.**

**Patent Appeal No. 8420.**

United States Court of Customs and Patent Appeals.

Jan. 14, 1971.

Fred S. Valles, Ronald J. Carlson, Paramus, N. J., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Jack E. Armore, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and NEWMAN, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, which affirmed the rejection of both claims in appellant's application serial No. 272,449, filed April 11, 1963, for an improved process for producing polypropylene. We reverse.

The invention is defined, and also adequately described for our purposes, by claim 1:

The process of removing propylene diluent from a suspension consisting essentially of from about 50%–60% by weight polypropylene in liquid propylene obtained directly from a propylene polymerization reactor under the autogenous pressure of the reactor which consists essentially in feeding the said suspension from the reactor to a recovery zone of the cyclone type

maintained at substantially atmospheric pressure, whereby propylene diluent is flashed from the solid particles of polypropylene, leaving on said particles not in excess of about 2% by weight propylene, and recovering the thus treated polypropylene.

The claims were rejected as obvious over Harban,[1] who discloses separation of polypropylene from propylene by flashing of monomer from polymer in a cyclone-type flash zone. The Harban mixture is disclosed as containing 35% solids by weight, and the patent indicates that the separation achieved is nearly perfect, but does not state a specific percentage of separation.

■ Appellant contends that he discovered that, unexpectedly, the use of a suspension containing 50–60% by weight polymer permitted direct discharge of the suspension into a flashing zone maintained at atmospheric pressure, and resulted in a residual monomer level of 2% or less. We have considered appellant's arguments on this point, but we agree with the Patent Office that appellant's polymer concentration does not produce any unexpected results and does not render the claimed process unobvious over Harban.

We turn now to appellant's alternative contention, i.e., even if the claimed processes are obvious over Harban, Harban is removed as a reference by the antedating affidavit submitted on appellant's behalf by a representative of the assignee of the application.[2] The board considered the affidavit deficient in that, while it alleged conception and reduction to practice of the claimed process, including the weight percentage limitations, before the Harban filing date, there was no corroborating evidence showing those weight percentage limitations. The board stated:

> The *claimed* invention must be shown in the affidavit, i.e., the alleged essence of the invention of flashing a suspension containing about 50%–60% by weight polypropylene in liquid propylene to obtain a polymer containing not in excess of about 2% by weight propylene must at least be demonstrated therein. In re Tanczyn, 52 CCPA 1630; 146 USPQ 298, 347 F.(2d) 830; 821 OG 849 [1965]. (Original emphasis.)

■ We think the board erred in applying *Tanczyn* to the facts of this case. In *Tanczyn* we limited to a certain extent the language we used in In re Stempel, 241 F.2d 755, 44 CCPA 820 (1957), wherein we had stated that "all the applicant can be required to show is priority with respect to so much of the claimed invention as the reference happens to show." It will be recalled that in *Tanczyn* the appellant sought to remove a reference by an affidavit which showed prior possession by the appellant of subject matter on which the claims did not read but which corresponded to the subject matter disclosed in the reference sought to be removed. We found the affidavit insufficient to remove the reference, but we held the claims to be unobvious over the reference. In other words, the subject matter shown in the reference and the affidavit was so different from the claimed invention that the claims were unobvious and patentable over the reference. In the case before us the differences between the claimed invention and the reference disclosure are so small as to render the claims obvious over the reference. The features which the board found inadequately corroborated by appellant's evidence are the very features considered insufficient to patentably distinguish over the Harban reference. To hold that Harban is not removed by the showing here presented would lead to an anomalous result, i.e., if appellant broadened his claims by deleting the weight limita-

---

1. U. S. patent 3,197,453, issued July 27, 1965, on an application filed July 11, 1961.

2. An additional affidavit submitted by appellant's attorney stated that appellant had left the assignee's employ, was in a relatively inaccessible area of Peru, and hence was unavailable to execute the affidavit himself.

tions, so as to read literally on Harban, Harban would not be available as a reference against such broadened claims because appellant's antedating affidavit would be satisfactory in every respect.[3] It cannot be the law that the same affidavit is insufficient to remove the same reference applied against the slightly narrower claims presented here.

For the foregoing reasons, the board's rejection of the claims as unpatentable over Harban, under 35 U.S.C. § 103, is reversed.

Reversed.

---

3. We recognize that, had appellant presented broader claims, the Patent Office might have found other, earlier art on which to reject them.