**Application of Peter SCHEIBER.**

**Appeal No. 78–520.**

United States Court of Customs
and Patent Appeals.

Nov. 16, 1978.

Michael J. Sweedler, New York City, atty. of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Thomas E. Lynch, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges, and FORD,* Judge.

MARKEY, Chief Judge.

The Patent and Trademark Office Board of Appeals (board) affirmed the rejection under 35 U.S.C. § 102 of claims 10–17, 19–22, 24 and 25, in application serial No. 270,-184 filed July 10, 1972, and entitled "Spherical Coordinate Sound System." We affirm.

### The Invention

Scheiber invented apparatus for communicating three or more directional sound signals on standard, two-channel audio systems.

Two position angles, alpha and beta, are assigned to each of the sound signals. By proper selection of position angles, a sound source can be located in three dimensions. Amplitude ratios and phase differences of sound signal components, coupled to the respective channels, define the alpha and beta angles for each sound signal. For encoding input sound signals f, having position angles alpha and beta (where A and B are the two channels), the equations are:

$$A = f_1 \sin \alpha_1/2 \ \angle \ \beta_1/2 \ + \ f_2 \sin \alpha_2/2 \ \angle \ \beta_2/2$$
$$\ldots + \ f_n \sin \alpha_n/2 \ \angle \ \beta_n/2$$

$$B = f_1 \cos \alpha_1/2 \ \angle \ -\beta_1/2 + f_2 \cos \alpha_2/2 \ \angle \ -\beta_2/2$$
$$\ldots + \ f_n \cos \alpha_n/2 \ \angle \ -\beta_n/2$$

The equation for deriving decoded output signals $g_n$ is:

$$g_n = A \sin \alpha_n/2 \ \angle \ -\beta_n/2 \ + \ B \cos \alpha_n/2 \ \angle \ \beta_n/2$$

---

* The Honorable Morgan Ford, United States Customs Court, sitting by designation.

Claim 10 is typical:

```
10.  For use in a multidirectional
     sound system wherein at least
     three directional input sound
     signals are encoded on A and B
     audio channels and at least
     three directional output sound
     signals corresponding to the
     input signals are reproduced
     from the A and B channels, decoder
     apparatus comprising an A input
     and a B input, n means connected
     to said A and B inputs for generating
     n directional output signals
     g_n each having α_n and β_n position
     angles associated therewith, wherein:
```

$$g_n = A\sin \alpha_n/2 \cdot \tan{-\beta_n/2} \; + \; B\cos \alpha_n/2 \cdot \tan{\beta_n/2}$$

### The Rejection

The examiner rejected the claims under 35 U.S.C. § 102 as anticipated by Takahashi patent No. 3,777,076 or Bauer patent No. 3,821,471. The references disclose structure for encoding and decoding multiple audio signals. With specific values for alpha and beta in appellant's claims, the examiner found the formulas equivalent to those disclosed by and set forth in the claims of Takahashi and Bauer.

Scheiber said his present application, a continuation-in-part of two earlier applications,[1] was entitled to an effective filing date antedating the references,[2] because, upon substitution of the specific alpha and beta values suggested by the examiner, the presently claimed subject matter was disclosed in his earlier applications in full compliance with 35 U.S.C. § 112, first paragraph. The examiner found insufficient disclosure in the earlier applications to support the claims or to teach the anticipatory subject matter in the references.

### The Board

Finding no basis in appellant's earlier applications for the beta angle now claimed, the board denied appellant his earlier filing date. The board refused to review the examiner's position on the relationship between the earlier applications and the references, because it considered that relationship "not germane."

### Issue

The issue is whether Scheiber's present claims are entitled to the benefit of his earlier application's filing date.[3]

## OPINION

### 35 U.S.C. § 120/Rule 131

"Invention," as used in 35 U.S.C. § 120,[4] refers to the claimed invention in a continuing application. *In re Lukach*, 442 F.2d 967, 968, 58 CCPA 1233, 1235, 169 USPQ 795, 796 (1971); *In re Brower*, 433 F.2d 813, 817, 58 CCPA 724, 728, 167 USPQ 684, 687 (1970).

The operation of § 120 differs from the operation of Patent and Trademark Office Rule 131 (37 CFR 1.131).[5] The latter provides an applicant a mechanism for overcoming specific prior art references predating his effective filing date. The applicant

1. Application serial No. 888,440, filed December 29, 1969 (grandparent), now U.S. patent No. 3,632,886.

   Application serial No. 46,345, filed June 15, 1970 (parent), now U.S. patent No. 3,746,792.

2. Takahashi and Bauer were filed on July 3, 1972, and March 15, 1971, respectively, and issued after Scheiber filed his present application.

3. Appellant's argument that claims 11, 17, and 22 are not anticipated by Bauer and Takahashi was not raised below and will not now be entertained. *In re Touvay*, 435 F.2d 1342, 1344, 58 CCPA 809, 811–12, 168 USPQ 357, 359 (1971).

4. 35 U.S.C. § 120, insofar as applicable here, reads:

   An application for patent for an *invention* disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the same effect, *as to such invention*, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application * * *. [Emphasis ours.]

5. Rule 131 states, in relevant part:

   (a) When any claim of an application is rejected on reference to a domestic patent which substantially shows or describes but does not claim the rejected invention, * * * and the applicant shall make oath or declaration as to facts showing a completion of the *invention* in this country before the filing date of the application on which the domestic patent issued * * * then the patent * * * shall not bar the grant of a patent to the applicant * * *. [Emphasis ours.]

need show priority with respect to only so much of the claimed invention as the references disclose, *In re Stempel*, 241 F.2d 755, 760, 44 CCPA 820, 826, 113 USPQ 77, 81 (1957), or only so much as to render the claimed invention obvious. *In re Spiller*, 500 F.2d 1170, 1177, 182 USPQ 614, 619 (Cust. & Pat.App.1974). Section 120, on the other hand, concerns only an applicant's effective filing date. Unlike Rule 131, § 120 operates independently of the prior art, of which it makes no mention, and it expressly requires an earlier application to disclose the claimed subject matter in compliance with 35 U.S.C. § 112, first paragraph. Thus it is entirely appropriate that the showing required under § 120 differs from that required under Rule 131.

### The Present Case

■ Scheiber admits that his claims are directed to general three-dimensional systems and are not supported by his earlier applications. That admission would normally end the inquiry under § 120. In the present case, however, Scheiber alleges that his earlier applications do support his claims when the claims are interpreted as reading on the specific systems taught by Takahashi and Bauer. That the claims under consideration are subject to that interpretation and, as so interpreted, are anticipated by the two references, is not disputed.

Nevertheless, although Scheiber's claims are rejected on references that teach no more than is disclosed in his earlier applications, that circumstance does not entitle him to claim his earlier filing date under § 120 for claims not supported in those applications.[6] This court denied an applicant the benefit of § 120 under similar circumstances in *In re Lukach, supra*. In that case, a composition claim reciting a range of molecular weight distribution was denied the filing date of a parent application, even though the reference cited against the claim disclosed a composition identical to that in the parent application. Denial of the earlier date was premised on failure of the parent application to disclose the range recited in the claim. The court

noted that "the description of a single embodiment of broadly claimed subject matter constitutes a description of the invention for anticipation purposes * * * whereas the same information in a specification might not alone be enough to provide a description of that invention for purposes of adequate disclosure" under the first paragraph of 35 U.S.C. § 112. *In re Lukach, supra*, 442 F.2d at 970, 58 CCPA at 1236, 169 USPQ at 797; *accord, In re Sichert*, 566 F.2d 1154, 1165, 196 USPQ 209, 218 (Cust. & Pat.App.1977).

Scheiber argues unfairness in what he views as the employment of one claim interpretation in finding anticipation under § 102, and of a different interpretation in denying him his earlier filing date. Any apparent unfairness results, however, from Scheiber's choice of claim language. Claim 10, the broadest claim, includes means for generating a class of output signals defined by a mathematical expression. Substitution of certain values for alpha and beta in the expression creates a specific subclass of output signals, causing the claims to read on allegedly identical disclosures in the references and in the earlier applications. Thus the claims are being given not inconsistent interpretations, but a single interpretation encompassing a class and subclass.

If Scheiber's position were to prevail, the claims under consideration would be granted one filing date when viewed as encompassing general three-dimensional systems, and a different, earlier date under § 120 when viewed as encompassing certain specific systems. The filing date made available under § 120, however, is limited to claimed subject matter disclosed in an earlier application in the manner required by § 112. Hence the board correctly, and necessarily, determined that the relationship of the claims to certain references, and of the references to Scheiber's earlier applications, were not germane.

Accordingly, the decision of the board is *affirmed*.

### AFFIRMED.

---

**6.** We express no views respecting applicability of a remedy under Rule 131, or the availability of interference proceedings on the subject matter claimed by the references.

BALDWIN, Judge, concurring.

I completely agree both with the approach taken by the majority on the § 120 question and the resulting decision. I would, however, consider another question not reached by the majority.

I have carefully considered appellant's brief, reply brief, and the extensive prosecution history of this application in the PTO and yet I find no cogent statement of the theory upon which appellant seeks relief. The theme recurring throughout the brief is that appellant wishes to "rely on the filing dates of his '886 and '792 patents to overcome Bauer and Takahashi to the extent those patents contain the same disclosures as the references." *How* he wishes to "rely" on those dates is not certain.

Ordinarily, failure of an appellant to present a clear question for the court to decide with attendant legal theories to support the desired answer to that question would be fatal to the appeal. However, since the arguments and facts herein could support different pathways of legal reasoning, and, more importantly, possibly different results, it would seem to be worthwhile to explore one apparent alternative rationale.

There are at least two ways that this case may be treated. First, the court may find that appellant is asking it to make the decision that various bits of his claimed invention are supported in the parent applications (now patents '886 and '792—both filed before Bauer and Takahashi) and thereby provide a § 120 immunity to the claimed invention. The majority opinion properly rejects this approach. Alterna-

tively, appellant may be asking the court to treat his prior patents as some type of *pro forma* Rule 131 affidavit. The argument is made here (as it was before the board) that the principles discussed in *In re Rainer*, 390 F.2d 771, 55 CCPA 853, 156 USPQ 334 (1968) [1] should apply in a similar manner in this case since, appellant argues, "the essential issue * * * is the question of priority [of invention] and nothing else." Obviously, appellant has not submitted a Rule 131 affidavit to overcome Bauer and Takahashi.[2] But through the years this court has taken a "rule-of-reason" approach in permitting an appellant to antedate a reference whenever proffered extrinsic evidence fairly indicates that the appellant is the first inventor. In one such situation, in which an appellant's evidence did not conform to the then-existing norm of presentation, the court cut through the formalities and faced the issue squarely:

> The real issue is whether *all* the evidence, including the references, truly shows knowledge by another *prior to the time appellants made their invention* or whether it shows the contrary. It is a question of fact. [Emphasis in original.]

*In re Land*, 368 F.2d 866, 878, 54 CCPA 806, 823, 151 USPQ 621, 632 (1966).[3] It is possible that this record contains enough evidence to support appellant's argument. However, since the pertinent evidence has not been directly addressed and argued, the sufficiency thereof is not approached in the majority opinion.

The pertinent statutory inquiry [4] is under 35 U.S.C. § 102(e),[5] i. e., can the appellant

---

1. *Rainer* is oft cited to show "that an anticipatory disclosure, not a statutory bar, may be removed as a reference against a generic claim by a Rule 131 affidavit showing prior reduction to practice of as much of the claimed invention as the reference shows." *Id.* 390 F.2d at 773, 55 CCPA at 855, 156 USPQ at 336.

2. A Rule 131 affidavit was submitted to successfully overcome a patent to *Cooper* (U.S. 3,856,992).

3. *In re Land* dismissed the then-prevalent notion that a Rule 131 affidavit was required to antedate a prior art reference.

4. Initial recognition is made that neither Bauer nor Takahashi is a bar under 35 U.S.C. § 102(b) since both issued after the filing date of appellant's application. No apparent problems are seen with regard to 35 U.S.C. § 102(g).

5. 35 U.S.C. § 102(e) reads:
   (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or

demonstrate that he was in possession of his invention prior to the filing dates of the Bauer and Takahashi patents? Or, can he show prior invention of at least as much of the invention as is shown in those two patents?[6] Appellant points to the *specifications* of his '886 and '792 patents and answers that he can. Although the contents of those specifications are to be considered, they are not *necessarily* indicative of the subject matter appellant can claim as his invention. For instance, discussions of prior art are often found in disclosures and portions of the subject matter might be derived from another inventor.

There are two parts of those specifications that are to be considered as evidence of the inventions—the *claims* as *filed* and the *claims* as *issued*. The Rules of Practice in Patent Cases require that an applicant, upon filing an application, swear or affirm, in essence, that he believes himself to be the inventor of the subject matter for which he solicits a patent.[7] That subject matter is found in the claims. So, by operation of the rules, *originally filed* claims are to be considered as the invention contemplated by the inventor as of the date of filing. Further, as we found in *In re Facius*, 408 F.2d 1396, 1406, 56 CCPA 1348, 1358, 161 USPQ 294, 301 (1969) "a patent evidences inventorship *by the patentee* of everything *both* disclosed *and* claimed." (Emphasis in original.) The evidentiary value of an *allowed* claim would presumably date back to the time of the entry of that claim, in its allowed form, in the specification.

The claim-as-evidence is in a form that is necessarily conclusory in nature. The inventor presents the conclusion that "this is the invention." Arguably this is a different type of showing than that often presented in Rule 131 affidavits where facts *tending* to show the invention are presented rather than merely a conclusion of invention. Nonetheless, if the "conclusion" of the inventor as shown in the claims was made prior to the time he had any interest in the outcome of the question in issue,[8] the claims should be accorded some weight as evidence. Whether that weight is sufficient to become dispositive is a fact question.

Appellant's patent '886 has a filing date of December 12, 1969, and an issue date of January 1, 1972; '792 has corresponding dates of June 15, 1970, and July 17, 1973. The filing date of Bauer is March 15, 1971, and that of Takahashi is July 3, 1972. At first blush, the originally filed claims of '886 are useful as evidence against the disclosure of Bauer and similarly the originally filed claims of '792 are applicable against Takahashi.[9] The allowed claims in neither of appellant's patents are ostensibly of interest because of the respectively later issue dates.

The appellant has made comparisons between the decoder matrix of Bauer and that of '886 as well as the matrix of Takahashi and that of '792. These comparisons were presented to the examiner (who responded in his Answer to the board and found them to be non-persuasive), to the board (which considered the comparisons not to be germane to the § 120 basis on which it decided the case), and to this court. However, the comparisons were based on the *specifications* of '886 and '792 rather than on the pertinent sets of claims.

As to '886, the originally filed claims appear to be close enough in content to the argued portion of the specification to allow the arguments to be considered. However,

---

6. This scope of proof has been countenanced in *In re Stempel*, 241 F.2d 755, 44 CCPA 820, 113 USPQ 77 (1957), and its progeny.

7. Pursuant to 37 C.F.R. 1.65.

8. For instance, here the appellant could have no interest in the outcome of this question prior to the time this case was filed.

9. Appellant apparently considers the content of '792 to correspond only to Takahashi and '886 only to Bauer.

in '792, the argued matrix constants are not clearly found in the original claims. Derivation of the matrix is clearly beyond the scope of review in this court.

In sum, even though appellant's appeal, as viewed by the majority opinion, is one that must be rejected under law; under the rationale suggested here, the appeal may be deficient only in the presentation of the evidence. In any event, the decision of the board is properly affirmed.