928 F.2d 412
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re John J. ROZMUS.
 No. 90-1370.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1991.
 
 PTO
 AFFIRMED.
 Before ARCHER, MAYER and RADER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 John J. Rozmus (Rozmus) appeals from the decision (October 31, 1989) and reconsideration decision (March 28, 1990) No. 89-3354 of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board), affirming the examiner's rejection under 35 U.S.C. Secs. 102(a), 103 in a reexamination proceeding of claims 1 and 2 of United States Patent No. 3,966,210 (the '210 patent). We affirm.
 
 OPINION
 
 2
 In this case, Rozmus stipulates that claims 1 and 2 of the '210 patent are anticipated or rendered obvious by United States Patent No. 3,516,674 issued to Scarborough. The single question before us is whether the board erred in holding that Rozmus' declaration filed under 37 C.F.R. Sec. 1.131 (Rule 131) is insufficient to antedate the Scarborough reference.
 
 
 3
 We have considered Rozmus' arguments and the evidence in the record, and we agree with the board that Rozmus' Rule 131 declaration was not sufficient to antedate the Scarborough reference. We adopt the board's reasoning in its decision and reconsideration decision, but supplement those decisions with the following observations.
 
 
 4
 In order to remove a reference, a Rule 131 declaration must show that prior to the effective date of the reference the applicant had reduced to practice so much of the claimed invention as the reference shows. In re Scheiber, 587 F.2d 59, 61-62, 199 USPQ 782, 784 (CCPA 1978); In re Stempel, 241 F.2d 755, 760, 113 USPQ 77, 81 (CCPA 1957). In this case, the invention described in Rozmus' declaration does not include separate weight means, undeniably an element of both the appealed claims and the Scarborough reference. The deposition testimony confirms that Rozmus did not consider separate weight elements to be a part of the invention he possessed prior to the effective date of the Scarborough reference. Therefore, on its face, the declaration fails to establish that Rozmus possessed so much of claims 1 and 2 of the '210 patent as the Scarborough reference shows.
 
 
 5
 Rozmus argues, however, that because his declaration shows that he reduced to practice the generic invention, he also had constructive possession of all species of the generic invention. Thus, Rozmus asserts that his constructive possession of all species before the effective date of the Scarborough reference made it unnecessary that he show actual reduction to practice of an invention that included separate weight means in order to antedate Scarborough. Rozmus' argument is unpersuasive.
 
 
 6
 Because of the prosecution and litigation history of the '210 patent, Rozmus cannot logically claim that his Rule 131 declaration showed reduction to practice of the generic invention. Rozmus' original patent application, which matured into the '210 patent, included application claim 7 which Rozmus concedes was drawn to the generic invention of a golf club head with "weight means" located outwardly and rearwardly from the impact face of the club head and toward the club head's heel and toe portions. During the prosecution of the '210 patent, the examiner rejected generic application claim 7 under 35 U.S.C. Sec. 102 as anticipated by U.S. Patent No. 1,459,810 issued on June 26, 1923 to Wills. The board affirmed the examiner's rejection, and the CCPA affirmed the board. In re Rozmus, No. 75-583 (CCPA Dec. 18, 1975). Because Wills invented and obtained a patent on this generic invention at least as early as 1923, the Rule 131 declaration cannot establish prior possession by Rozmus of the generic invention. Rozmus' declaration, therefore, can only be said to establish the reduction to practice of a species of the generic invention.
 
 
 7
 Although Rozmus' declaration showed reduction to practice of only a species of the generic invention, that is not alone fatal to his claim. A declaration proving a species is also sufficient to show possession of "variations and adaptations which would, at the same time, be obvious to one skilled in the art." In re Spiller, 500 F.2d 1170, 1178 n. 5, 182 USPQ 614, 620 n. 5 (CCPA 1974). We agree with the board, however, that Rozmus has failed to show (indeed, has not argued) that the additional element of separate weight means would have been obvious to one of ordinary skill in the art from the species of Rozmus' declaration.
 
 
 8
 Because Rozmus failed to show that he possessed an invention with separate weight elements, or that these elements would have been obvious from the species he possessed, the declaration is not sufficient to antedate Scarborough as to patent claims 1 and 2.